Mr. Justice Clark
 

 delivered the opinion of the Court.
 

 The petitioner, a Negro convicted and sentenced to death for murdering a white man, attacks his conviction as violative of the Due Process and Equal Protection Clauses of the Fourteenth Amendment. He claims that, as a result of a long-established practice in the county of his conviction, Negroes were arbitrarily and systematically excluded from sitting on the grand jury which indicted him and the petit jury which convicted him.
 
 *262
 
 The State answers that the claim comes too late, having been asserted for the first time by a motion for a new trial. Code of Ala. (1958 Recomp.), Tit. 15, §§ 278, 279;
 
 Ball
 
 v.
 
 State,
 
 252 Ala. 686, 689, 42 So. 2d 626, 629. Admittedly, the point was not raised until the filing of the motion for a new trial, but the trial judge permitted the petitioner to proceed on his motion. However, the judge sustained objections to all questions concerning the alleged jury discrimination and denied the motion. The Supreme Court of Alabama affirmed the conviction, finding that petitioner’s claim of jury discrimination was not supported by any evidence. We granted certiorari, 375 U. S. 893.
 

 Petitioner was convicted of the first degree murder of a white mechanic, the apparent motive being robbery. There were no witnesses to the killing and the evidence of guilt was circumstantial, based largely upon expert testimony given by the State’s toxicologist. Petitioner was represented by court-appointed counsel at trial but he obtained new counsel after conviction. In his motion for a new trial petitioner alleged that “Negroes qualified for jury service in Greene County, Alabama are arbitrarily, systematically and intentionally excluded from jury duty in violation of rights and privileges guaranteed defendant by the Fourteenth Amendment to the United States Constitution.”
 

 The petitioner does not attack the reasonableness of Alabama’s procedural requirement that objections to the composition of juries must be made before trial. Nor does he question the validity of such procedures as a state ground upon which refusal to consider the question might be based. However, in this case the judge granted petitioner a hearing on his motion for a new trial and permitted him to call two Circuit Solicitors as witnesses to prove his allegations of discrimination. Nonetheless, the judge sustained objections to all questions concerning systematic discrimination on the ground that
 
 *263
 
 the point was not raised prior to trial.
 
 [1]
 
 On automatic appeal the Supreme Court of Alabama found that the trial judge had afforded petitioner “an opportunity on the hearing of the motion for a new trial to adduce evidence of any systematic exclusion . . . .” However, it found further that “none was introduced other than an affidavit
 
 *264
 
 of appellant’s mother that her son was indicted by a grand jury composed of white men, and tried and convicted by a petit jury composed of twelve white men.”
 

 It appears clear that the motion for a new trial alleged a practice of systematic exclusion which, if proved, would entitle petitioner to a new trial.
 
 Arnold
 
 v.
 
 North Carolina,
 
 376 U. S. 773 (1964);
 
 Eubanks
 
 v.
 
 Louisiana,
 
 356 U. S. 584 (1958);
 
 Reece
 
 v.
 
 Georgia,
 
 350 U. S. 85 (1955) ;
 
 Hernandez
 
 v.
 
 Texas,
 
 347 U. S. 475 (1954);
 
 Strauder
 
 v.
 
 West Virginia,
 
 100 U. S. 303 (1879). Here petitioner’s counsel failed to raise the issue before trial; but the Alabama Supreme Court, apparently acting under the enlightened procedure of its automatic appeals statute,
 
 [2]
 
 did not base its affirmance on this ground but considered the claim on the merits and held that the petitioner had not met his burden of establishing racial discrimination. The court concluded:
 

 “No sufficient proof having been produced at the hearing on the motion for a new trial, or at any other state of the proceedings, it is clear appellant may not now complain. Therefore, we are left under no doubt that appellant’s point on systematic exclusion of Negroes from the jury rolls in Greene County is not well taken.”
 

 
 *265
 
 Exercising its discretion to permit petitioner to attack the exclusion by motion for a new trial, the Supreme Court of Alabama decided petitioner’s constitutional claim on the merits. The judgment, therefore, “rested upon the State Supreme Court’s considered conclusion that the conviction resulting in the death sentence was not obtained in disregard of the protections secured to the petitioner by the Constitution of the United States.”
 
 Irvin
 
 v.
 
 Dowd,
 
 359 U. S. 394, 404 (1959). Since the case comes here in that posture and the record shows that petitioner was not permitted to offer evidence to support his claim, the judgment of affirmance must fall. As in
 
 Carter
 
 v.
 
 Texas,
 
 177 U. S. 442 (1900), where the state court found that “the motion was but a mere tender of the issue, unaccompanied by any supporting testimony . . .'this Court must reverse on the ground that the defendant “offered to introduce witnesses to prove the allegations . . . and the court . . . declined to hear any evidence upon the subject . . . .” At 448-449.
 

 In light of these considerations, the petitioner is now entitled to have his day in court on his allegations of systematic exclusion of Negroes from the grand and petit juries sitting in his case. The judgment is therefore reversed and the case remanded to the Supreme Court of Alabama for further proceedings not inconsistent with this opinion.
 

 Reversed and remanded.
 

 [1]
 

 “ATTORNEY FOR DEFENDANT: I can ask whether or not the law was complied with?
 

 “COURT: Yes. The fact that the law was complied with, that is a general question, but the Court will sustain an objection to that because the courts have held repeatedly, the Supreme Court of Alabama and the Supreme Court of the United States, that you can not go into those matters unless they have been raised properly during the trial or in some proceedings prior thereto. That is the reason I asked you the question before. The case was tried by Mr. Boggs and the Court is familiar with it.
 

 “ATTORNEY FOR DEFENDANT: But I would like to get one or two of these questions in the record for the purpose of taking an exception to it.
 

 “COURT: You may ask the questions, but the Court will have to sustain an objection to them.
 

 “Q. Mr. Boggs, you were present when the Grand Jury, which indicted Johnny Coleman, was convened, were you not?
 

 “A. I was.
 

 “Q. How many persons were on that grand jury?
 

 “A. Eighteen.
 

 “Q. Were any negroes on that grand jury?
 

 “SOLICITOR: I object to that, may it please the Court. It is an illegal mode of raising that which should have been raised by motion to quash the indictment.
 

 “COURT: Sustain the objection.
 

 “ATTORNEY FOR DEFENDANT: I want to ask one more question, and then I won’t have any further question to ask — two more, your Honor.
 

 “Q. Were there any negroes on the petit jury that tried this defendant?
 

 “SOLICITOR: I object to that, may it please the Court, on the ground that it should have been properly raised by motion to quash the venire if the Fourteenth Amendment was to be taken advantage of in this matter.
 

 “COURT: Sustain the objection.”
 

 [2]
 

 Code of Alabama (1958 Recomp.), Tit. 15, §382 (10):
 

 “Hearing and determination in appellate court. — In all cases of automatic appeals the appellate court may consider, at its discretion, any testimony that was seriously prejudicial to the rights of the appellant, and may reverse thereon even though no lawful objection or exception was made thereto. The appellate court shall consider all of the testimony and if upon such consideration is of opinion the verdict is so decidedly contrary to the great weight of the evidence as to be wrong and unjust and that upon that ground a new trial should be had, the court shall enter an order of reversal of the judgment and grant a new trial, though no motion to that effect was presented in the court below.”