William **SMITH**, Jr., Petitioner,

v.

C. E. **BREAZEALE**, Superintendent of the Mississippi State Penitentiary, Respondent.

No. GC6440.

United States District Court
N. D. Mississippi,
Greenville Division.

Sept. 16, 1965.

R. Jess Brown, Jackson, Miss., Melvin L. Wulf, New York City, for petitioner.

Joe T. Patterson, Atty. Gen., Garland Lyell, Asst. Atty. Gen., William L. Waller, Dist. Atty., Jackson, Miss., George Everett, Dist. Atty., Greenwood, Miss., for respondent.

CLAYTON, District Judge.

Petitioner, William Smith, Jr., a Negro, was convicted on 25 September, 1961, in the Circuit Court of Madison County, Mississippi, of the crime of rape and sentenced to death. He has petitioned this court for a writ of habeas corpus, alleging that his conviction deprived him of due process and equal protection of the laws in that Negroes were systematically excluded from the grand and petit juries which indicted and tried him, that he was denied the effective assistance of counsel and that the conviction was the product of an involuntary confession and the admission of evidence illegally obtained. The state court record was supplemented here by evidence, oral argument and briefs, and on this basis, the cause is now before the court.

Efforts toward post-conviction relief began with a direct appeal, upon which the conviction was affirmed. Smith v. State, Miss., 139 So.2d 857 (1962). After the withdrawal of court appointed counsel, present counsel obtained a writ of certiorari, but that writ was later discharged as having been improvidently granted. Smith v. State of Mississippi, 373 U.S. 238, 83 S.Ct. 1265, 10 L.Ed.2d 321 (1963). A writ of habeas corpus, issued by the circuit court of the county in which petitioner was detained, was discharged after hearing. In granting a stay of execution pending appeal, the Supreme Court of Mississippi noted that habeas corpus was the wrong post-conviction remedy for the alleged denial of constitutional rights and that the correct remedy was the initiating in that court of a statutory coram nobis proceeding, Mississippi Code Annotated 1942 (Recompiled) § 1992.5. Smith v. State, Miss., 155 So.2d 494 (1963). By leave of court, petitioner filed such an application and, on motion of the state, the habeas corpus appeal was consolidated therewith. For the purposes of both proceedings, the state supreme court reviewed the record made in the habeas corpus hearing, and thereafter denied relief. Smith v. State, Miss., 158 So.2d 686 (1963), cert. den. Smith v. Breazeale, 377 U.S. 1001, 84 S.Ct. 1935, 12 L.Ed.2d 1050 (1964). Thereafter, the petition for habeas corpus was filed here.

With respect to the allegations of racial exclusion from the jury system, the parties agree that in the year of the trial, only three Negroes were on the jury list and in the ten years preceding the trial only five Negroes—three in 1952 and two in 1955—were on the jury lists, which contained approximately 300 names each

year. Jury age males in Madison County, as shown by the 1960 census, totalled 7,435, of whom 4,733 were Negroes. Thus, although Negroes constituted over 62% of the persons available for jury service, there were no Negroes on the jury lists in eight out of eleven years, and Negroes accounted for only one percent of the jury lists in three years.

Variations such as these between racial proportions on the jury lists and racial proportions in the population, unexplained and long continued, establish a prima facie case of systematic exclusion of Negroes from jury service, placing the burden on respondent to refute such evidence by showing an adequate justification for the long continued racial disparity. United States ex rel. Seals v. Wiman, 304 F.2d 53 (5th Cir. 1962). In response to the case thus made, respondent points to the three Negroes on the jury list in the year of the trial, and to the depositions of the county supervisors (who compile the lists) in which they said, in substance, that they did not consider race in drawing up the lists and that they neither put names on the lists nor left them off because of race.

In the face of the wide disparity between the percentage of Negroes in the jury age male population and the percentage of Negroes on the jury list in the year of the trial, the presence of three members of petitioner's race on that list can be regarded as little more than token representation, which neither refutes petitioner's prima facie case nor complies with the constitutional standard. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); United States ex rel. Seals v. Wiman, supra. See also, Harper v. State, 251 Miss. 699, 171 So.2d 129 (1965).

The depositions of the supervisors establish, at most, that they did not act in bad faith or take affirmative action to prevent Negroes from appearing on the jury lists. They do not persuade the court that the wide racial disparity was the product of chance alone (even if that would be sufficient; see

Collins v. Walker, 335 F.2d 417 (5th Cir. 1964)), or of an en masse abstention of Negroes from voter registration so as to render themselves ineligible for jury duty. United States ex rel. Goldsby v. Harpole, 263 F.2d 71, 78 (5th Cir. 1959). In short, respondent's evidence does not refute or overcome the prima facie case made by petitioner that there was systematic exclusion of Negroes from the jury system. Thus, petitioner's indictment and trial by racially defective grand and petit juries deprived him of both due process and equal protection of the law, and the resulting conviction cannot stand. Strauder v. State of West Virginia, 100 U.S. 303, 25 L.Ed. 664 (1879); Patton v. State of Mississippi, 332 U.S. 463, 68 S.Ct. 184, 92 L.Ed. 76 (1947).

The main thrust of respondent's argument is that petitioner waived the right to seek relief here on this ground because no challenge was made to the composition of the juries on the trial and direct appeal. Racial exclusion from the juries was seriously urged as a ground for relief for the first time in the statutory applications to the state supreme court for leave to file a petition for writ of error coram nobis.

Although the Supreme Court of Mississippi noted that counsel for petitioner had stated in the state habeas corpus hearing that no contention was then being made that Negroes were systematically excluded from the jury system, that court did not deny relief because of any procedural default. Instead, the claim of racial exclusion appears to have been denied on the merits because the court was convinced "that the testimony fails to show that petitioner was denied any rights or that he was unlawfully treated or unconstitutionally or wrongfully convicted." Smith v. State, Miss., 158 So.2d 686, 687 (1963). If the state supreme court did not deem such relief barred by waiver and instead considered petitioner's claims on the merits, this court is not concerned with any procedural default. Coleman v.

State of Alabama, 377 U.S. 129, 84 S.Ct. 1152, 12 L.Ed.2d 190 (1964).

If, however, the state court's basis for denial of relief on the ground of racial exclusion was petitioner's failure to make a timely challenge to the juries in the trial court, the result must be the same. Petitioner's attorney, who was appointed by the court after return of the indictment, testified that he did not believe that Negroes were systematically excluded from juries in Madison County. Obviously, the attorney did not consult petitioner on the question of whether he desired to forego his right to challenge the illegal juries, since the attorney believed them to be legal. In such circumstances, this court cannot say that petitioner knowingly and understandingly waived the privilege of seeking to vindicate his federal rights to racially non-discriminatory grand and petit juries in the state courts so as to deliberately by-pass the state procedures. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). He may vindicate those rights here. United States ex rel. Goldsby v. Harpole, supra; United States ex rel. Seals v. Wiman, supra; Whitus v. Balkcom, 333 F.2d 496 (5th Cir. 1964); Cobb v. Balkcom, 339 F.2d 95 (5th Cir. 1964). See also this court's opinion in Gordon v. Breazeale, 246 F.Supp. 2 (N.D.Miss.1965).

The systematic exclusion of Negroes from the grand jury which indicted petitioner and the petit jury which tried him requires that his conviction be declared unconstitutional and that it be set aside. Other grounds asserted by petitioner need not be considered, and their disposition is left to the state courts in the event that the state elects to re-indict and re-try him. Smith is now legally detained by the state to await the action of another grand jury, but he is entitled to be re-tried within a reasonable time, and jurisdiction will be retained to meet the unlikely event that further orders may be necessary or proper. It now appears that a period of one year from the entry of this judgment or its final test by appeal, certiorari or otherwise, will be sufficient to afford the State of Mississippi an opportunity to take the necessary steps to re-indict and re-try petitioner, in a manner consistent with the Constitution.

If Smith is again brought to trial in the state courts, any questions which may arise as to the legality or constitutionality of the indictment or trial should be decided not by this court, but in the regular course by the courts of the State of Mississippi, subject to possible review by the United States Supreme Court.

An order will be entered granting the writ of habeas corpus to the extent stated.