Nathaniel WADE, Appellant,

v.

Howard YEAGER, Warden, New Jersey State Prison, Appellee.

No. 15666.

United States Court of Appeals Third Circuit.

Argued Nov. 3, 1966.

Decided May 31, 1967.

Alfred Abbotts, Trenton, N. J., for appellant.

Archibald Kreiger, Paterson, N. J. (John G. Thevos, Passaic County Prosecutor, Paterson, N. J., on the brief), for appellee.

Before GANEY, SMITH and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT.

WILLIAM F. SMITH, Circuit Judge.

The appellant, represented by able and experienced counsel of his own choice, was tried by a jury and convicted of murder allegedly committed in the perpetration of an armed robbery in Paterson, New Jersey. He was' thereupon sentenced to a term of life imprisonment. On appeal to the Supreme Court of New Jersey the judgment of conviction was affirmed, State v. Wade, 40 N.J. 27, 190 A.2d 657 (May 1963), and certiorari was denied 375 U.S. 846, 84 S.Ct. 100, 11 L. Ed.2d 73. The appellant then filed a petition for habeas corpus which the District Court dismissed without a hearing. Thereafter he sought relief in a collateral proceeding initiated in the Superior Court of New Jersey under R.R. 3:10A. Relief was denied and an appeal from this denial was dismissed as without merit.

The appellant filed a second petition for habeas corpus which was dismissed without a hearing after the District Court had reviewed and considered the transcript of the trial proceedings consisting of approximately 5000 pages. Wade v. Yeager, 245 F.Supp. 67 (D.C.1965). The present appeal is from the dismissal of this petition. Although there was no appeal from the dismissal of the first petition [1] the action of the court thereon is relevant on this appeal and must be considered.

The appellant challenges the constitutional validity of his conviction on several grounds, only three of which warrant discussion. However, his broad argument here is that he was entitled to an evidentiary hearing on each of the issues raised in his petition and that the denial thereof was error.

After the robbery, which occurred on the morning of March 3, 1960, the appellant and an accomplice fled the scene in an automobile, a description of which was broadcast by the local police. Later in the morning as they approached the entrance to the George Washington Bridge members of the Port Authority Police recognized the vehicle as the one described in the broadcast. An effort to intercept the automobile failed and it sped across the bridge with the police in pursuit. In the chase the automobile crashed into an abutment and the appellant and his accomplice then fled on foot. While fleeing from the police the appellant sustained multiple fractures of his right leg when he leaped over a wall on the New York side of the bridge complex. He was apprehended and thereafter hospitalized until March 22, when, after waiving extradition, he was surrendered to the police of Paterson. When discharged from the hospital he was ambulatory and on crutches.

### VOLUNTARINESS OF CONFESSION

Admittedly the appellant's conviction rested, at least in part, on a signed statement given several hours after his surrender to the Paterson police and after he had been afforded the opportunity to speak to members of his family and consult with his attorney. The appellant now challenges the validity of his conviction, as he did in the lower court, on the ground that the statement was involuntarily made while he was under the influence of "truth serum." There is no contention here that he was in any way mistreated.

It appears from the uncontradicted evidence in the trial record that after his surrender to the Paterson police the appellant complained of pain in his leg. A physician summoned by the police gave him an intramuscular injection of 100 mgs. of Demerol, a proprietary analgesic, spasmolytic and sedative drug. The dose

---

1. Applications for a certificate of probable cause were denied.

844

was well within the average range for an adult. The interrogation which resulted in the statement began a little more than an hour later and was concluded in two hours. There is testimony in the trial transcript, contradicted only by the appellant, that throughout the interrogation he appeared to be in good condition, coherent and responsive. A more complete summary is contained in the opinion of the Supreme Court of New Jersey, supra.

■ When the statement was offered in evidence during the course of the trial, counsel for the appellant objected to its admission on the ground that it was involuntarily made while the appellant was under the influence of "Demerol." This objection placed the burden on the State to prove affirmatively that the appellant's "will had not been overborne and that the fundamental fairness requirement of the due process clause had not been violated." State v. Tassiello, 39 N.J. 282, 188 A.2d 406, 411 (1963). It placed on the trial judge the responsibility to conduct a preliminary hearing on the issue raised by the objection. Ibid. This procedure was followed with meticulous care in this case.

■ After a full and fair hearing, during which testimony was taken and the arguments of counsel were considered, the trial judge resolved the disputed issue in favor of the State and held that the statement was admissible. Notwithstanding this holding he submitted the issue of voluntariness to the jury, as he was required to do under the circumstances of the case. State v. Tassiello, supra. The procedure followed was fully in accord with the criteria enunciated by the Supreme Court in Jackson v. Denno, 378 U.S. 368, 377–391, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) and is plainly not open to criticism on this appeal.

■ The appellant alleged in his first petition for habeas corpus that the statement was made while he was under the

influence of Demerol; he made no reference to the use of "truth serum." After a review of the trial record and a consideration of the opinion of the Supreme Court of New Jersey, the District Court dismissed the petition without an evidentiary hearing and we think properly so. Townsend v. Sain, 372 U.S. 293, 312–316, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). It appears from our examination of the entire record that the factual issues relating to the claim that the statement was involuntary were resolved in the State court proceedings after a full and fair hearing which resulted in reliable findings amply supported by the evidence. The appellant was not entitled to another plenary hearing on the same issues. Townsend v. Sain, supra;[2] Brown v. Allen, 344 U.S. 443, 463, 73 S.Ct. 397, 97 L.Ed. 469 (1953).

■ The dismissal of the first petition was not to deter the appellant. He filed a second petition which differed from the first in that he alleged, among other things, that his statement was involuntarily made while he was under the influence of "truth serum." This allegation, unsupported by any statement of fact, was seemingly an afterthought suggested by the facts in either Jackson v. Denno or Townsend v. Sain, both supra. At no time was it contended, either during the trial or on appeal, that the medication administered to the appellant before his interrogation contained scopolamine or any other drug having the properties of "truth serum." There is nothing in the trial record to support the contention and the appellant does not allege that he is in possession of newly discovered evidence. We have here nothing more than an apparent attempt to relitigate an issue already resolved against the appellant. Under these circumstances the denial of an evidentiary hearing was proper. 28 U.S.C.A. § 2244; Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

2. The criteria established in Townsend v. Sain are codified in an amendment to § 2254 of Title 28 U.S.C.A., approved November 2, 1966.

ALLEGED ILLEGAL SEARCH AND SEIZURE

■ The appellant alleges in his petition, and here contends, that his conviction "was founded on the fruits of an illegal search and seizure, which fruits were inadmissible as evidence." This is nothing more than a bare allegation not substantiated by any statement of facts. The deficiency was such as to warrant the dismissal of the petition without an evidentiary hearing.

It would appear from our examination of the record that the evidence to which the appellant refers consisted of discarded money wrappers and other articles found in the rear of the wrecked automobile after it had been abandoned. These were offered and admitted at the trial without objection and as a result there was little testimony as to the circumstances under which these exhibits were retrieved by the police. The failure of counsel to interpose any objection is understandable because under the law of New Jersey, as it stood at the time of the appellant's trial and conviction, evidence obtained as a result of an illegal search was admissible.

The legality of the search and seizure was challenged for the first time by a petition filed in the collateral proceeding in the Superior Court of New Jersey under R.R. 3:10A. The claim of illegality was dismissed without a hearing on an erroneous ruling that the decision of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), announced after the appellant's trial and conviction, was not to be given "retroactive effect." An appeal from the said dismissal was allowed but dismissed as without merit.

The legality of the search and seizure was attacked in the second petition for habeas corpus which the District Court dismissed on the ground that under Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965) the rule of Mapp did not apply. This conclusion was apparently based on an erroneous interpretation of Linkletter. Therein it was held that the exclusionary principle enunciated in Mapp was not retroactively applicable to State court convictions which had become final, that is, when the availability of appeal has been exhausted and certiorari has been denied or time therefor had elapsed before Mapp.

■ When the Supreme Court announced its decision in Mapp the appellant's conviction was on appeal to the Supreme Court of New Jersey and did not become final until October 14, 1963, when certiorari was denied. Absent an intentional waiver by the appellant of his constitutional claim, the rule of Mapp was clearly applicable under the facts and circumstances of this case. United States ex rel. Mancini v. Rundle, 337 F.2d 268 (3rd Cir. 1964); United States ex rel. Campbell v. Rundle, 327 F.2d 153 (3rd Cir. 1964). The failure of appellant's counsel to object to the admission of the incriminating evidence may not in and of itself be regarded as such a waiver. Ibid.

ALLEGED SYSTEMATIC EXCLUSION OF
NEGROES FROM THE GRAND AND
PETIT JURY

■ The appellant avers in his petition, and here contends, that he was indicted by a grand jury and tried by a petit jury selected from lists from which members of his race were arbitrarily and systematically excluded.[3] This charge, if true, would entitle the appellant to the relief he seeks. Eubanks v. State of Louisiana, 356 U.S. 584, 78 S.Ct. 970, 2 L.Ed.2d 991 (1958) and the cases therein cited; Coleman v. State of Alabama, 377 U.S. 129, 84 S.Ct. 1152, 12 L.Ed.2d 190 (1964). However, the averment is clearly insufficient in that it is not supported by a statement of facts which, if true, would support the charge. We are of the opinion that the unsubstantiated charge of racial discrimination did not

3. It appears from the record that at the trial the composition of the petit jury was challenged but in a factual context which no longer appears relevant. The trial judge ruled against the challenge but there was no appeal from this ruling.

warrant a full scale inquiry into the manner in which grand and petit juries are selected in the County of Passaic.

 The court below found that the allegation was conclusionary but went on to hold that the appellant had waived his constitutional claim because of counsel's failure to properly challenge the composition of the grand and petit jurors before trial. This was error. Fay v. Noia, 372 U.S. 391, 438–440, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). A procedural default, such as the one here in question, may not be regarded as a waiver unless it appears from the evidence that the default resulted from a deliberate choice made by counsel and participated in by his client. Ibid. There was no such evidence in the trial record of the instant case. If the appellant files a new petition for habeas corpus and the issue of waiver is raised it will be necessary for the trial judge to make an independent determination of the issue after an evidentiary hearing. Ibid.

### DENIAL OF EVIDENTIARY HEARING

 The appellant's petition for habeas corpus contains four conclusionary allegations that his constitutional rights were violated. These fail to meet the statutory requirement, 28 U.S.C.A. § 2242, in that they are not substantiated by any statement of facts. We recognize that a petition for habeas corpus prepared by a prisoner without the aid of counsel must be read with a measure of tolerance. However, he should not be relieved of the statutory requirement to state the facts upon which his claim to relief is predicated. Brown v. Allen, supra, 344 U.S. 461, 73 S.Ct. 397; Schlette v. People of State of California, 284 F.2d 827, 833, 834 (9th Cir. 1960); Stephens v. United States, 246 F.2d 607 (10th Cir. 1957). The requirement is particularly applicable to the appellant's second and third claims to relief which must necessarily rest on facts which are outside the record.

 We conclude that the appellant's claims for relief were properly dismissed without a hearing. However, we believe that the order of dismissal as to the second and third claims for relief hereinabove discussed should be so modified as to afford the appellant an opportunity to file a new petition. This modification is not necessary but in a later proceeding, if one is initiated, it will avoid any question as to the application of 28 U.S.C.A. § 2244.

The action will be remanded to the District Court with a direction that the order of dismissal be modified as recommended.