E. L. WOODRUFF, Petitioner,

v.

C. E. BREAZEALE, Superintendent of Mississippi State Penitentiary, Respondent.

No. GC6554.

United States District Court
N. D. Mississippi,
Greenville Division.

Sept. 27, 1967.

Alvin J. Bronstein, Jackson, Miss., for petitioner.

Guy N. Rogers, Asst. Atty. Gen., of the State of Mississippi, Jackson, Miss., for respondent.

## OPINION

CLAYTON, District Judge.

In this habeas corpus proceeding, the petitioner attacks the validity' of his conviction in the Circuit Court of Calhoun County, Mississippi, in March, 1962. He is a prisoner in the Mississippi State Penitentiary and began these proceedings pro se. However, he has for some time been represented by competent counsel of the Lawyers Constitutional

Defense Committee of the American Civil Liberties Union. A number of issues were tendered and issue joined thereon which are not now necessary to consider, since the parties have agreed that the only issue for determination is whether vel non the petitioner, E. L. Woodruff (a white man), can claim the systematic exclusion of Negroes from the jury lists and from the grand and petit juries of Calhoun County, Mississippi, that indicted and tried him, as a violation of his Fourteenth Amendment rights.

In accordance with the aforementioned stipulated single issue, this opinion will deal with that issue only.[1]

Based upon stipulated population statistics, this court finds (for the purpose of this proceeding only) that for a period of five years before the March Term 1962 of the Circuit Court of Calhoun County, Mississippi, no Negroes served on either grand or petit juries, and there were no Negroes on the jury lists during that period. Subject to the same limitation, the court finds that no Negroes served on the Calhoun County grand jury which indicted the petitioner in March of 1962; that no Negroes served on the petit jury before whom petitioner was tried and that there were no Negroes on the jury lists for the March Term 1962 of the Calhoun County Circuit Court.

Only one case has been cited, and no other has been found, which has considered the precise question here presented and decided it favorably to petitioner's position here. In Allen v. State, 110 Ga.App. 56, 137 S.E.2d 711 (1964), it was held that a white defendant could complain of systematic exclusion of Negroes from the jury lists on the basis of the equal protection clause of the Fourteenth Amendment. The thrust of that court's opinion was that a defendant was not only entitled to a jury from which members of his class were not excluded, but to a jury which was free from arbitrary exclusion of any class. Petitioner takes comfort in the language from *Allen* following:

> The United States Supreme Court has spoken, however, in language that leads us to believe that a defendant need not be a member of the Negro race to complain of the systematic exclusion of Negroes from the jury list. The exclusionary practice condemned by the Fourteenth Amendment does not depend upon the exclusion from juries of a group to which the defendant belongs or identifies himself, but on the resulting failure of the jury to represent a cross-section of the community.

However, it is apparent that the *Allen* court was led into its position by reliance upon cases decided in the federal system dealing with *federal juries* alone.[2]

1. In his pleading, respondent admits that petitioner has exhausted his state post-conviction remedies (28 U.S.C. § 2254) and, although apparently petitioner stands convicted of numerous other felonies, no point is made as to whether he now is serving the sentence under attack or some other sentence. Hence, the court assumes that he is serving the sentence imposed by reason of his indictment and conviction in Calhoun County Circuit Court in March, 1962.

2. There can be no doubt that trial by a state jury from which members of a defendant's race have been systematically excluded deprives that defendant of the equal protection of the laws in violation of the Fourteenth Amendment. Among others, this court has consistently applied that rule. See, e. g., Gordon v. Breazeale, 246 F.Supp. 2 (N.D.Miss.1965), and Smith v. Breazeale, 245 F.Supp. 978 (N.D.Miss.1965). No good purpose would be served by citing any of the many cases of the courts of appeal of this and other circuits or from the Supreme Court and they are legion. Exclusions based upon nonracial classifications have been held equally repugnant to the Fourteenth Amendment. See, e. g., Thiel v. Southern Pacific, 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181 (1946); Labat v. Bennett, 365 F.2d 698 (5 Cir. 1966); White v. Crook, 251 F.Supp. 401 (M.D.Ala.1966) and compare Torcaso v. Watkins, 367 U.S. 488, 81 S.Ct. 1680, 6 L.Ed.2d 982 (1961).

There are many of them. None of them have applicability here.[3] The correct rule which is applicable here was announced by the Supreme Court in Fay v. People of State of New York, 332 U. S. 261, 67 S.Ct. 1613, 91 L.Ed. 2043 (1947), where it was said:

> * * * *This Court, however, has never entertained a defendant's objections to exclusions from the jury except when he was a member of the excluded class.* (Citing cases.) Relief has been held unavailable to a negro who objected that all white persons were purposely excluded from the grand jury that indicted him. Haraway v. State, 203 Ark. 912, 159 S.W. 2d 733. Nevertheless, we need not here decide whether lack of identity with an excluded group would alone defeat an otherwise well-established case under the Amendment. (Emphasis added.)

These defendants rely heavily on arguments drawn from our decisions * * (Citing cases.).

The facts in the present case are distinguishable in vital and obvious particulars from those in any of these cases. But those decisions were not constrained by any duty of deference to the authority of the state over local administration of justice. *They dealt only with juries and federal courts. Over federal proceedings we may exert a supervisory power with greater freedom to reflect our notions of good policy than we may constitutionally exert over proceedings in state courts and these expressions of policy are not necessarily embodied in the concept of due process.* (Emphasis added.)

So far as this court now knows, the Supreme Court has never sustained a defendant's objection to exclusion of a group or class from jury service except when the defendant was a member of the excluded group or class. It would, as this court feels, be unseemly to here move beyond the limits of decisional law as they are now established in the opinions of the Supreme Court. New ground is to be plowed in that court, not in this one.

No claim is made by petitioner (and certainly nothing in this record shows) that he was in any way prejudiced because no Negroes were on the jury lists, the grand jury or the petit jury with which we are here concerned. Absent such a showing, this petition is wholly without merit.

In view of the number of felony convictions and the sentences imposed on defendant in other state courts, it may be that the question presented here is largely academic. However, an order will be entered to dismiss the petition and to deny the relief sought.

---

3. Cases involving federal juries include, e. g., Thiel v. Southern Pacific, supra; Ballard v. United States, 329 U.S. 187, 67 S.Ct. 261, 91 L.Ed. 181 (1946); Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Rabinowitz v. United States, 366 F.2d 34 (5 Cir. 1966), (This case was decided after the Georgia court decided *Allen*.).