Sam Becenti CHEE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 71–1539.

United States Court of Appeals, Ninth Circuit.

Sept. 30, 1971.

Rehearing Denied Dec. 1, 1971.

Sam Becenti Chee, in pro. per.

Richard K. Burke, U. S. Atty., Morton Sitver, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before KOELSCH, CARTER and CHOY, Circuit Judges.

PER CURIAM:

Petitioner Chee, a Navajo Indian, appeals from the dismissal without a hearing of his motion for vacation of sentence under 28 U.S.C. § 2255. Petitioner asserted three grounds for relief: (1) that he was denied the effective as-sistance of counsel because an interpreter, used at trial to translate Petitioner's testimony from Navajo to English, was a "servant" of the government; (2) that the indictment was "duplicitous;" and (3) that Indians were systematically excluded from the grand and petit jury rolls.

First: The District Court correctly rejected Petitioner's claim that he was denied the effective assistance of counsel. Petitioner does not allege any specific instances of prejudice resulting from the interpreter's alleged relationship with the government, and the record reveals none. The trial court has broad discretion in determining the fitness and qualifications of interpreters, and "exercise of that discretion will not be disturbed on review in the absence of some evidence from which prejudice can be inferred." Lujan v. United States, 209 F.2d 190, 192 (10th Cir. 1953).

Second: The District Court correctly held that the indictment charging Petitioner was not duplicitous. The record shows that each count of the two count indictment charged but one offense. Further, objections to the form of an indictment are waived by failure to timely object [F.R.Crim.P., Rule 12(b)] and, in addition, Chee was convicted only on one count.

Third: The District Court rejected Petitioner's challenge to the racial makeup of the grand and petit jury rolls on two grounds: (1) failure to object at trial, and (2) failure to allege facts tending to show discrimination. This was error.

A claim of systematic exclusion will be entertained for the first time in a section 2255 proceeding unless it affirmatively appears from the record that the petitioner has knowingly waived his constitutional right to object. Fernandez v. Meier, 408 F.2d 974, 977 (9th Cir. 1969). This record reveals no such waiver.

Additionally, Petitioner's allegations, although not nicely worded, were sufficient to tender a factual issue and did

not, as the District Court thought, constitute mere conclusory statements. If true, they entitle him to relief. Coleman v. Alabama, 377 U.S. 129, 84 S.Ct. 1152, 12 L.Ed.2d 190 (1964); Hernandez v. Texas, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866 (1953); Eubanks v. Louisiana, 356 U.S. 584, 78 S.Ct. 970, 2 L.Ed. 2d 991 (1958). They differ materially from the type of allegations held insufficient by this court in Miller v. United States, 339 F.2d 581 (9th Cir. 1964), and in Heisler v. United States, 321 F. 2d 641 (9th Cir. 1963).

The judgment is reversed and the cause is remanded to the District Court for further proceedings.