128 N.J. Super. 525 (1974)
320 A.2d 533
STATE OF NEW JERSEY, PLAINTIFF,
v.
LEE R. ROBINSON, JAMES TELLIES, ANTONIO G. VILLAFANE A/K/A ANTONY VILLAFANE, GERALD SCHENK, BENJAMIN ARCHER, LARRY DAVIS, WILBUR JORDAN, FRANK SCHREFFLER, RAYMOND NORRIS, MILTON WINROW, DAVID A. WILLETTS, EARL HARRIS, PAUL FRANKENHAUSER, JOSEPH ZELIE AND CLARENCE MOORE, DEFENDANTS.
Superior Court of New Jersey, Law Division.
May 21, 1974.
*526 Mr. Solomon Forman, First Assistant Prosecutor, for the State (Mr. Richard J. Williams, Prosecutor, attorney).
Mr. Nathan Davis, Jr., assigned attorney for defendant Benjamin Archer (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Robert S. Greenberg, assigned attorney for defendants Lee R. Robinson, James Tellies, Antonio G. Villafane a/k/a Antony Villafane, Frank Schreffler, Raymond Norris, Milton Winrow, David A. Willetts and Clarence Moore (Mr. Stanley C. Van Ness, Public Defender, attorney).
*527 HORN, A.J.S.C.
Defendants in this matter filed individual but substantially the same post-conviction relief petitions, pursuant to R. 3:22 et seq., seeking to have the judgments of conviction and sentence set aside and the indictments by which they were charged dismissed, or, in the alternative, an evidentiary hearing, appointment of counsel equal in number and qualified in experience to that of counsel representing the State. Defendants base their motion primarily on the alleged denial of due process as guaranteed by the Federal Constitution, in that respective grand and petit juries involved in their indictments and convictions were improperly selected, thereby eliminating from the said juries a proper cross-section of the community. The array of the juries, then, is challenged because of such alleged impropriety of the selection and its composition.
The State has moved to consolidate the individual applications and to dismiss them on the ground that they waived the right to challenge the array of the respective grand and petit juries because such challenge must be raised prior to trial, on the authority of Davis v. United States, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973). This case stands for the stated proposition. The foundation for this decision is Federal Rule of Criminal Procedure 12(b)(2), which provides that:
* * * defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. * * * Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver.
Although the holding enumerated in the Davis case is dependent on a procedural rule, its ruling is buttressed by the fact that the court relied on Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970), to supply emphasis to the decision. In Parker the court also refused to hear a challenge to a grand jury array. The basis *528 for this denial was a law which stated that all exceptions to grand jurors on account of their qualifications shall be taken before the petit jury is sworn and impaneled to try the issue, and if not taken shall be deemed to be waived. This state rule of practice, the Supreme Court said, in Parker, would constitute an adequate ground for precluding its reaching the grand jury issue if the case were on direct review.
Both Davis and Parker emphasize the necessity of deciding these motions for post-conviction relief in light of our procedural rules.
R. 3:6-2 limits the challenge to the array of the grand jury to within 30 days of the service of the complaint or within 30 days of the entry of a plea, whichever is later, or within such further time as the court permits. R. 1:8-3 limits the challenge to the array of a petit jury to the time before any individual juror is examined. Although these particular rules do not use the term "waived," as do the rules considered by the United States Supreme Court in Davis and Parker, they do state that the challenges must be made prior to a certain point in the proceeding; therefore, the necessity for the raising of the challenge is quite clear. However, defendants contend that the question is whether the waiver that is required is that which is defined in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) (that being an understanding and knowing relinquishment of the privilege or right, whether for strategic, tactical or any other reasons that can fairly be described as deliberate bypassing of state procedures), or whether the statements in Davis, supra, control (those being that, when a rule exists that specifically provides for waiver of a particular kind of constitutional claim if not timely made, the assertion cannot be made at a later date, thereby foreclosing the Fay v. Noia, supra, definition of waiver).
It can then be said that, when constitutional matters are in issue, upon showing of good cause the courts should not hesitate to permit a defendant to present a challenge to the *529 petit jury involved in his case. But to permit the party to bypass the rule on the theory espoused in Fay v. Noia; supra, is not permissible, as it is opposed to the principles declared in Davis, supra. This, too, is true regarding R. 3:6-2 (grand jury challenge). Even though there is an additional stipulation within this section which leaves open the opportunity for the court to permit a challenge subsequent to the time limits, it still must be limited by good cause; to permit exceptions for other than good cause would subvert the purpose of the rule.
To challenge for good cause is not a perfunctory matter; it is essential for the petitioning party to state grounds sufficient for the court to open the matter for investigation. Challenge to an array of grand jurors made on the day of trial, on the grounds that members of defendants' race were not on the grand jury in sufficient numbers, was properly denied where, among other things, defendants' counsel had had many months to investigate the situation with respect to the grand jury. Under the circumstances, any other course would have grossly disserviced the orderly administration of justice. State v. Laws, 50 N.J. 159 (1967). The court in United States ex rel. Laws v. Yeager, 448 F.2d 74 (3 Cir.1971), adds credence to this theory because the court refused to grant a petition for habeas corpus and stated as one of its grounds for denial the failure of the defendant to present supporting facts for his assertion of systematic exclusoin of negroes from the Bergen County grand jury.
A similar absence of supporting allegations was also the reason for the denial of habeas corpus in the case of Wade v. Yeager, 377 F.2d 841 (3 Cir.1967).
Thus, in all the instant petitions defendants have alleged improper selection of grand and petit juries as violative of due process, as well as in some cases stating ineffective assistance of counsel as a ground for relief. But not one of the petitioners has provided a concrete basis for an evidentiary hearing on the matter by stating any supporting *530 facts. To open a full-scale, evidentiary hearing on unsupported allegations would be opposed to the procedural rules, and, as stated above, a disservice to the administration of justice. Constitutional rights should ordinarily not have to bow to mere rules of procedure. On the other hand, such challenges must be shown to rest on fact. Mere conclusions are inadequate. To hold otherwise would open the courts to an avalanche of frivolous applications, each of which would require hearings.
In the case at bar no facts or figures have been presented, nor has there been any information concerning the source of the selection process  only an allegation that the parties were not given an opportunity to challenge the system.
I have considered all remaining contentions of the respective petitioners and find them without any legal basis.
Accordingly, the petitions are consolidated and each is respectively denied.