**King HAIRSTON, Appellee,**

v.

**J. D. COX, Superintendent of the Virginia State Penitentiary, Appellant.**

**No. 73–2216.**

United States Court of Appeals, Fourth Circuit.

Argued June 4, 1974.

Decided July 3, 1974.

Robert E. Shepherd, Jr., Asst. Atty. Gen. (Andrew P. Miller, Atty. Gen. of Virginia, on brief), for appellant.

Gordon M. Kent, Altavista, Va. [court-appointed counsel] (Kent & Kent, Altavista, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER, CRAVEN, BUTZNER, RUSSELL, FIELD and WIDENER, Circuit Judges, sitting in banc.

BUTZNER, Circuit Judge:

The sole issue presented by this appeal is whether a Virginia prisoner, King Hairston, is entitled to a writ of habeas corpus on the basis of his complaint that black persons were systematically excluded from his grand and petit juries in 1942. Hairston did not raise this issue at his trial. He initially alleged it in his state habeas proceeding.

We previously found that Hairston had established a prima facie case of systematic exclusion, and we remanded the case for an evidentiary hearing to afford the state the opportunity to present rebuttal evidence.[1] The district court then ruled that Hairston was entitled to the writ,[2] and a panel of this court affirmed on the opinion of the district court.[3]

We subsequently withdrew the panel decision and reheard the case in banc to determine whether McNeil v. North Carolina, 368 F.2d 313 (4th Cir. 1966), should be overruled because of two recent decisions of the Supreme Court, Davis v. United States, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973), and Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). In McNeil, we held that a prisoner who had not complied with state law by challenging the jury before his plea was not barred by the state rule of waiver from raising the issue of systematic exclusion in collateral proceedings. In contrast to McNeil, the Supreme Court held in Davis that a federal prisoner waives objection to the composition of the grand jury if he does not raise the issue before entry of his plea as required by Federal Rule of Criminal Procedure 12(b)(2). Of course, pursuant to the rule, a court may grant relief from the waiver. In Tollett, the Court held that a state prisoner who pleaded guilty could not attack the composition of the grand jury in a collateral proceeding.[4] However, the Court reiterated that it was still an open question whether systematic racial exclusion in the selection of a grand jury could be raised in a federal habeas corpus action after trial on a plea of not guilty. 411 U.S. 260 n.1, 93 S.Ct. 1602. Thus, the issue posed by McNeil has not yet been definitively decided by the Supreme Court, but at least one intermediate court has found an apt analogy in

1. Hairston v. Cox, 459 F.2d 1382 (4th Cir. 1972), cert. denied, 411 U.S. 986, 93 S.Ct. 2266, 36 L.Ed.2d 963 (1973).

2. Hairston v. Cox, 361 F.Supp. 1180 (W.D. Va. 1973).

3. Hairston v. Cox, No. 73–2216 (4th Cir., March 20, 1974) (opinion withdrawn).

4. Accord, Parker v. Ross, 470 F.2d 1092 (4th Cir. 1972).

*Davis. See, e. g.,* Rivera v. Wainwright, 488 F.2d 275 (5th Cir. 1974).

During the course of the in banc hearing, it became apparent that the state habeas court had considered the merits of Hairston's allegation and that it had not relied on the waiver mandated by the Virginia statute which dealt with challenges to juries at the time of Hairston's trial.[5] In this posture of the case, the constitutionality of the composition of the jury is before us as a litigable issue. *Cf.* Coleman v. Alabama, 377 U.S. 129, 84 S.Ct. 1152, 12 L.Ed.2d 190 (1964). The appeal, therefore, presents an inappropriate occasion for reconsidering *McNeil,* and we reserve the question of its viability for another day.

On the merits of Hairston's claim, the district judge's finding of facts and application of law are unassailable. Accordingly, the judgment is affirmed.

---

5. Virginia Code Ann. §§ 4895, 6002 (1936). Virginia's Rules of Criminal Practice and Procedure, which became effective January 1, 1972, incorporate many provisions of the Federal Rules of Criminal Procedure. The provisions of Virginia Rule 3A :12(c)(2) and (3) pertaining to motions before trial, waiver of objections, and relief from waiver are substantially similar to Federal Rule 12(b)(2).