342 So.2d 1328 (1977)
In re Eugene WILLIAMS, alias, Eugene Simpson, alias, Eugene Ware, alias, Eugene Ware Simpson
v.
STATE of Alabama.
Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.
SC 2165.
Supreme Court of Alabama.
February 25, 1977.
William J. Baxley, Atty. Gen., and Jack Curtis, Asst. Atty. Gen., for the State.
Sam A. Beatty, Northport, for respondent.
JONES, Justice.
The defendant was convicted of murder, first degree, and sentenced to life imprisonment. The Court of Criminal Appeals reversed the judgment of conviction and remanded the cause for a new trial.
Upon preliminary consideration, this Court granted the State's petition for review by certiorari on a limited "conflict" ground, raising a procedural issue: Whether a claim of violation of constitutional rights in the selection of the petit jury *1329 venire can be raised for the first time on appeal?
Because of a common understanding of the procedure for the timely attack on the composition of a jury (grand or petit), which arose out of and following Coleman v. Alabama, 377 U.S. 129, 84 S.Ct. 1152, 12 L.Ed.2d 190 (1964), we affirm the Court of Criminal Appeals' reversal of the defendant's conviction in this cause.
Having so ruled, however, we now proceed to establish and announce a rule of procedure for prospective application with respect to the preserving for appellate review adverse rulings on jury composition attacks.
We state the rule thusly: A motion challenging the composition of a grand jury, a petit jury, or qualifications of individual jurors, filed after the commencement of trial, must allege, and proof must show, that grounds for the motion were not known to the defendant before he went to trial, or that he could not have known them by exercising due diligence.
The rule which we announce today for application to future cases is not a new rule in Alabama. Indeed, in our statement of the rule, we have drawn heavily on the language and substance of Alabama case law dating back to the 1841 case of State v. Morea, 2 Ala. 275, which held that objections to the qualification of a juror, which are known at the time, are waived unless made before the juror is sworn in chief.[1]
The rule was firmly crystallized by the time of Higdon v. State, 20 Ala.App. 649, 104 So. 913 (1925), which states:
"If the defendant or his attorney knew about the matter of drawing the jury, or, by the exercise of due diligence, could have ascertained the facts, he cannot for the first time raise the question [of improperly drawn venire] by motion for a new trial."
The only measure of uncertainty in the application of this rule came in a line of cases relating to the timely filing of a motion to quash a grand jury indictment. See, e.g., Johnson v. State, 134 Ala. 54, 32 So. 724 (1901); and Bell v. State, 227 Ala. 254, 149 So. 687 (1933). These cases, among others, held that such motion, to be available, must be made before arraignment and plea to the merits. But this was clarifiedand the inconsistency between the time for challenge of the composition of a grand jury and that of a petit jury (see Vernon v. State, 239 Ala. 593, 196 So. 96 (1940)) was eliminatedin Thomas v. State, 277 Ala. 570, 173 So.2d 111 (1965). Thomas held that a motion to quash either the grand or petit jury, while untimely if raised for the first time on motion for new trial, could be timely filed any time before trial. Vernon, supra, which had preserved the distinction between the timely attack on a grand jury and a petit jury, was cited, and quoted from with approval, in Ball v. State, 252 Ala. 686, 42 So.2d 626 (1949).
Between the time of Ball (1949) and Thomas (1965), came Coleman v. Alabama, supra. The common understanding (or, more properly, misunderstanding) from the United States Supreme Court's decision in Coleman (that matters relating to the jury composition, although known at the time of trial, may be raised for the first time by motion for a new trial) needs to be reexamined in the context and posture of the record in Coleman. Coleman was convicted of first degree murder and sentenced to death. The challenge against the grand and petit juries on the "systematic exclusion" ground was raised for the first time on motion for new trial. Mr. Justice Clark, writing for the United States Supreme Court, after first observing that the trial court took testimony on the motion rather than striking the motion as untimely filed, stated:

*1330 "Here petitioner's counsel failed to raise the issue before trial; but the Alabama Supreme Court, apparently acting under the enlightened procedure of its automatic appeals statute [T. 15, § 382(10)], did not base its affirmance on this ground but considered the claim on the merits.. . . Exercising its discretion to permit petitioner to attack the exclusion by motion for a new trial, the Supreme Court of Alabama decided petitioner's constitutional claim on the merits."
It is clear that the United States Supreme Court in Coleman did not purport to preempt State procedure. Instead, the United States Supreme Court reversed the judgment of the Alabama Supreme Court on the same substantive grounds on which the Alabama Supreme Court, on its consideration of the merits, had affirmed the conviction. Moreover, we interpret Francis v. Henderson, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), decided in the context of a collateral habeas corpus attack, as holding that State procedures will be given validity in the Federal courts so long as that procedure is clearly established and followed. See Davis v. United States, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973).
Consequently, we hold that henceforth a failure by the defendant in a criminal case to raise proper objection to the composition of a grand or petit jury, including, but not limited to, the constitutional ground of the jury selection process, before entering upon the trial of the case on its merits, constitutes a waiver of his right to do so, subject, of course, to the recognized exceptions of fraud and as to matters which were not known, or by the exercise of due diligence, could not have been known, before trial.
The rationale espoused for the parallel rule in civil cases pertains with equal force in criminal cases: A defendant who has not been misled is not permitted to participate in the selection of the jury without objections, speculate on winning a favorable verdict, and, failing to do so, raise for the first time such questions on a motion for new trial. Fulwider v. Jacob, 221 Ala. 124, 127 So. 818 (1930).
This rule shall be prospective only and shall be applicable to all cases in which the trial commences after the date the certificate of judgment is issued by the Clerk of this Court in this case. Due to the prospective effect of the waiver rule set out and discussed above, the judgment of reversal of the defendant's conviction and remand of this cause for a new trial is affirmed.
THE COURT OF CRIMINAL APPEALS IS AFFIRMED.
TORBERT, C.J., BLOODWORTH, FAULKNER, SHORES, and EMBRY, JJ., concur.
MADDOX and ALMON, JJ., dissent.
BEATTY, J., recuses himself.
MADDOX, Justice (dissenting).
I agree with the rule announced in the majority opinion regarding the grounds of, and the time when, an objection to the composition of grand and petit juries should be raised, but I would apply the rule to Williams, and would not make it prospective.
ALMON, J., concurs.
NOTES
[1] It is interesting to note that Morea cites States v. Williams, 3 Stew. 454 (1831), which in turn cites Lord Coke's first Institute, book 3, chap. 9 (1628). For the general proposition in civil cases that the law disfavors motions for new trial based on objections which could have been made at the time of trial, see Fulwider v. Jacob, 221 Ala. 124, 127 So. 818 (1930); Simpson v. Golden, 114 Ala. 336, 21 So. 990 (1897).