UNITED STATES, Appellee,

v.

James K. AHO, Private, U.S. Army, Appellant.

UNITED STATES, Appellee,

v.

Robert R. HALE, Private, U.S. Army, Appellant.

UNITED STATES, Appellee,

v.

Clinton D. MANUEL, Private First Class, U.S. Army, Appellant.

No. 35,474. SPCM 12752. No. 36,413. CM 437070. No. 36,834. CM 436534.

U. S. Court of Military Appeals.

Feb. 19, 1980.

*For Appellant Aho* : Colonel Edward S. Adamkewicz, Jr., Colonel Robert B. Clarke, Major Benjamin A. Sims, Captain James Recasner, Captain Willard E. Nyman III (on brief); Captain Buren R. Shields III, Captain Julius Rothlein. *For Appellee* : Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Captain Douglas P. Franklin (on brief).

*For Appellant Hale* : Colonel Edward S. Adamkewicz, Jr., Major Benjamin A. Sims, Major Lawrence D. Galehouse, Captain James H. Weise (on brief); Captain Larry D. Anderson, Captain Robert M. Twiss. *For Appellee* : Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Major Michael B. Kennett, Captain Charles A. Cosgrove (on brief).

*For Appellant Manuel* : Captain Maurice D. Healy, Captain William J. Carter (on brief). *For Appellee* : Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Captain Stephen P. Henderson, Captain Robert D. Newberry (on brief).

*Opinion of the Court*

PER CURIAM:

We granted review in each of the above-styled cases to consider appellant's contention that the court-martial which tried him was constituted contrary to the provisions of Article 25, Uniform Code of Military Justice, 10 U.S.C. § 825. All the appellants requested trial with enlisted members. Appellants Manuel and Aho now assert that enlisted personnel below the grade of E–6 were excluded from consideration as court members, and appellant Hale asserts that personnel below the grade of E–5 were excluded. This issue of exclusion was not raised before the trial judge in any of the

cases.[1] Government counsel submit that the failure to raise the issue below energizes the doctrine of waiver.

In *United States v. Crawford*, 15 U.S.C. M.A. 31, 33–4, 35 C.M.R. 3, 5–6 (1964), the Court observed the following as to the consequences of a failure to challenge the method of selecting the court members:

> Ordinarily, an objection to the method of selection of the triers of the facts must be made before trial. *Shotwell Mfg. Co. v. United States*, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963); *United States v. Gale*, 109 U.S. 65, 3 S.Ct. 1, 27 L.Ed. 857 (1883); *United States v. Klock*, 210 F.2d 217 (C.A.2d Cir.) (1954). Objection was not made in this case until the record of trial was before the board of review. Consequently, Government counsel contend the accused waived the right to challenge the validity of the selection process, since it does not appear he was unaware of the essential facts until he presented the matter to the board of review. *See United States v. Beer*, 6 U.S.C.M.A. 180, 19 C.M.R. 306. However, in two cases pending before us, the issue was raised at trial; and it appears likely to arise frequently until decided on the merits. Appropriately, therefore, we can pass over the procedural deficiency to reach the substance of the issue, which was considered by the board of review. See *Coleman v. Alabama*, 377 U.S. 129, 84 S.Ct. 1152, 12 L.Ed.2d 190 (1964); *United States v. Culp*, 14 U.S.C.M.A. 199, 203, 33 C.M.R. 411; *United States v. Hood*, 9 U.S.C.M.A. 558, 26 C.M.R. 338.

Thus, the question presented is whether the cases at hand involve circumstances which necessitate resolution of the issue on the merits, although it was not raised at the trial level. This Court has previously expressed the view that the arbitrary exclusion of various ranks from consideration as court members is improper. *United States v. Daigle*, 1 M.J. 139 (C.M.A.1975); *United States v. Greene*, 20 U.S.C.M.A. 232, 43 C.M.R. 72 (1970); *see United States v. Crawford, supra*. Although decided after the trial of the cases under consideration, we reiterated that position in *United States v. Yager*, 7 M.J. 171 (C.M.A.1979). As the doctrine of law is well established, we perceive no reason to resolve the issue when it was not developed at the trial level. *See United States v. Yager, supra* at 173.

The decision of the United States Army Court of Military Review in each case is affirmed.

---

1. Appellant Hale challenged the manner in which the entire court was selected on the basis that the trial counsel improperly participated in the process of selection. However, he never asserted that the lower enlisted grades were improperly excluded from consideration.