UNITED STATES

v.

**Bernard James McGEE, 186 24 4485, Commander (O–5), Supply Corps, U.S. Navy.**

**NMCM 82 0448.**

U. S. Navy-Marine Corps Court of Military Review.

· Sentence Adjudged 28 July 1981.

Decided 31 March 1983.

testing method chosen would yield no valid results.

MAJ Joseph M. Poirier, USMC, Appellate Defense Counsel.

LT Michael P. Cogswell, JAGC, USNR, Appellate Government Counsel.

Before J.T. GLADIS, Senior Judge, and E.M. BYRNE and R.H. GARVIN, JJ.

GARVIN, Judge:

Appellant was tried by a general court-martial composed of officer members on 28 July 1981. He was convicted of the larceny of a quantity of stainless steel of a value in excess of $100.00 in violation of Article 121, Uniform Code of Military Justice (U.C.M.J.), 10 U.S.C. § 921, of four specifications alleging that he was derelict in the performance of his duties as head of the supply department by negligently supervising subordinates, and of one specification of violating the "Standards of Conduct" instruction in violation of Article 92 UCMJ, 10 U.S.C. § 892. The convictions were based on pleas of guilty entered pursuant to a pretrial agreement. The members sentenced appellant to 60 days restriction, forfeiture of $100.00 per month for 6 months, and a letter of reprimand.

The Judge Advocate General referred the case to this Court for review pursuant to the provision of Article 69, UCMJ, 10 U.S.C. § 869. The two issues specified are:

I

ABSENT AN AFFIRMATIVE SHOWING OF UNAVOIDABILITY, THE APPELLANT'S COURT–MARTIAL LACKED JURISDICTION INASMUCH AS THREE OF THE SITTING MEMBERS WERE JUNIOR IN RANK TO THE APPELLANT.

II

ASSUMING *ARGUENDO* THAT THE DEFECT NOTED IN *ARGUMENT* I, *SUPRA* WAS NOT JURISDICTIONAL, THE APPELLANT'S FAILURE TO OBJECT DID NOT WAIVE HIS RIGHT TO A PROPERLY CONSTITUTED COURT.

I

Appellant argues that Article 25(d)(1), UCMJ, 10 U.S.C. § 825(d)(1), forbids officers who are junior in rank to the accused to sit in judgment of him at his court-martial. He argues that because three members of the court-martial were merely frocked to the grade of captain (0–6), they were still commanders (0–5's), and he notes that they were, in rank, junior to him. He argues that the convening authority violated Article 25(d)(1) by appointing the three; therefore, the court-martial lacks jurisdiction. The prosecution did not show that the convening authority could not avoid detailing members junior in rank to the accused to the court-martial.

The record of trial contains a "Court Member Nominee Data Sheet" for each of the three members in question. Appellate Exhibit III discloses that member # 1 is a captain (frocked) with a date of rank of "Sept 75 (05)." Appellate Exhibit VII discloses that member # 2 is a captain with a date of rank of "MAR/76 AS CDR (Frocked Capt)." Appellate Exhibit XIII discloses that member # 3 is a commander with a date of rank of "1 Sept 75...Frocked."

Each of the three officers "...is eligible to serve on all courts-martial for the trial of any person who may lawfully be brought before such courts for trial." Article 25(a), UCMJ, 10 U.S.C. § 825(c).

An Article 25(c)(1), UCMJ, 10 U.S.C. § 825(c)(1), violation is not a jurisdictional bar to trial. *United States v. Scott,* 25 C.M.R. 636 (A.B.R.1957); *United States v. Tagert,* 11 M.J. 677 (N.M.C.M.R. 1981); *United States v. Kimball,* 13 M.J. 659 (N.M.C.M.R.1982). As the Article

25(c)(1), UCMJ, defect is not jurisdictional, we similarly hold that an Article 25(a), UCMJ, defect is not a jurisdictional bar to trial.

The court-martial of the accused was not illegally constituted and, therefore, it had jurisdiction to try the accused even though three of the sitting members were junior in rank to the accused.[1]

### II

■ A failure to object to "frocked" members sitting on the accused's court-martial waived any alleged defect under the circumstances of this case. *United States v. Branford*, 2 C.M.R. 489 (A.B.R.1951). The accused was represented at trial by a lawyer qualified and certified in accordance with Article 27(b), UCMJ, 10 U.S.C. § 827(b), and previously sworn in accordance with Article 42(a), UCMJ, 10 U.S.C. § 842(a). Failure to object to the appointment of "frocked" members to accused's court-martial waived any defect in detailing such members (who were junior in rank to the accused) to his court-martial. *United States v. Branford, supra.* Further, with-

out a showing of unavoidability, the presumption that the convening authority properly exercised his discretion when he detailed the junior members to accused's court-martial is applicable. *United States v. Beer,* 6 U.S.C.M.A. 180, 19 C.M.R. 306 (1955); *United States v. Aho,* 8 M.J. 236 (C.M.A.1980).

We have examined the record of trial and have considered the oral arguments of appellate counsel and have concluded that there is no error which materially prejudiced the substantial rights of the accused.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Senior Judge GLADIS and Judge BYRNE concur.

---

1. Register of Commissioned and Warrant Officers of the United States Navy and Reserve Officers on active duty, NAVPERS 15018 (1 October 1980).