## COLEMAN *v.* ALABAMA.

No. 162, Misc.  Decided October 16, 1967.

*Jack Greenberg, Michael Meltsner* and *Orzell Billingsley* for petitioner.

*MacDonald Gallion,* Attorney General of Alabama, and *Leslie Hall,* Assistant Attorney General, for respondent.

PER CURIAM.

The motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted.

On our previous remand, we held that petitioner was entitled to "his day in court on his allegations of systematic exclusion of Negroes from the grand and petit juries sitting in his case."  377 U. S. 129, 133.  Petitioner was thereupon afforded an evidentiary hearing on his allegations.  Although the evidence was in dispute regarding the inclusion of Negroes in the grand and petit jury venires in the county in which petitioner was indicted and tried, it appeared that no Negro served on

the grand jury which indicted or the petit jury which convicted petitioner. It further appeared that up to the time of petitioner's trial, no Negro had ever served on a grand jury panel and few, if any, Negroes had served on petit jury panels. This "testimony in itself made out a *prima facie* case of the denial of the equal protection which the Constitution guarantees." *Norris* v. *Alabama,* 294 U. S. 587, 591. In the absence of evidence adduced by the State adequate to rebut the prima facie case, petitioner was therefore entitled to have his conviction reversed. *Arnold* v. *North Carolina,* 376 U. S. 773; *Eubanks* v. *Louisiana,* 356 U. S. 584; *Reece* v. *Georgia,* 350 U. S. 85, 87–88; *Hernandez* v. *Texas,* 347 U. S. 475, 481; *Hill* v. *Texas,* 316 U. S. 400, 406; *Norris* v. *Alabama, supra.*

On our independent examination of the record, we are unable to discover any evidence adduced by the State adequate to rebut petitioner's prima facie case. The Alabama Supreme Court, in affirming the trial court's denial of relief, acknowledged that the evidence indicated "a disparity" and stated only that "that disparity can be explained by a number of other factors." 280 Ala. 509, 512, 195 So. 2d 800, 802. The only factors mentioned, however, were that Negroes had moved away from the county and that some may have been under the statutory disqualification of having suffered a felony conviction. In the circumstances of this case these factors were not in our view sufficient to rebut petitioner's prima facie case.

The judgment of the Alabama Supreme Court is therefore reversed and the case is remanded to that court for further proceedings not inconsistent with this opinion.

*It is so ordered.*