**Muffin MILES et al., Appellants,**

v.

**Robert DICKSON, Jr., et al., Appellees.**

**No. 24223.**

United States Court of Appeals
Fifth Circuit.

Dec. 19, 1967.

717

William M. Kunstler, New York City, Morton Stavis, Newark, N. J., Vernon Z. Crawford, Mobile, Ala., for appellants.

J. E. Wilkinson, Jr., of Wilkinson, Wilkinson & Russell, Selma, Ala., for appellee, Fred Holladay.

Frank H. Hawthorne and Martin, Balch, Bingham, Hawthorne & Williams, Montgomery, Ala., for appellees Todd Meadows and E. R. Meadows.

Edgar A. Stewart, Selma, Ala., James Garrett, R. L. Ingalls, John P. Kohn, Evans Hinson, of Hinson & Hamilton, Montgomery, Ala., for other appellees.

Before RIVES, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Pursuant to a memorandum opinion reported in 40 F.R.D. 386–391, the district court rendered summary judgment for the defendants, and taxed the court costs against the plaintiffs' attorneys.

The voluminous record and the many depositions convince us that the district court was clearly correct in concluding that there was no genuine issue as to any material fact and that each of the defendants was entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. We are equally convinced that the plaintiffs' attorneys acted in good faith, upon written authorization from their clients, and that the taxation of the court costs against the plaintiffs' attorneys was erroneous. To assess the costs against the attorneys without notice and a hearing was, of course, wrong. We do not, however, base our ruling on that procedural ground. Nor do we rule on whether the court had *power*, either inherent or under the statute, 28 U.S.C.A. § 1927, to require the attorneys personally to pay the court costs. We simply hold that the facts and circumstances do not present such an extreme case as would permit the court to tax the costs against the attorneys.

That part of the judgment which taxes costs is reversed and the cause remanded for further proceedings not inconsistent with this opinion. In all other respects, the judgment is affirmed. The costs of appeal are taxed against the appellants.

Affirmed in part and reversed in part and remanded.