*94
 
 FOURNET, Chief Justice.
 

 Defendants are appealing from their conviction and sentence to serve 10 years at hard labor in the Louisiana State Penitentiary on two bills of indictment, one charging Copeland and Watts with attempted murder of William Cockrell and the other charging Adams with attempted murder of Travis Powell, consolidated for trial by consent of counsel,
 
 [1]
 
 relying for reversal thereof on a sole bill of exception reserved to the overruling of their motion to quash the jury commission, indictment, and the grand and petit jury venire, based primarily on the complaint there were no Negroes on the jury commission.
 

 In the bill of exception it is related that along with the motion to quash, the 1960 United States Census of Claiborne Parish was submitted showing the white male population to be 2,988 and the non-white male population to be 2,317 and in order to maintain the defendants’ motion called to the witness stand Mr. J. J. Smith, Clerk of the Second Judicial District Court for 12 years, who testified that “no Negroes had ever served as Jury Commissioner; that about ■one-third (1/3) of the prospective jurors called were Negroes, and that there had been some Negroes on the Grand Jury since 1966.” It was stipulated that if the other Jury Commissioners were called, they would testify as did Mr. Smith.
 

 The identical issue posed here was adjudicated adversely to counsel’s contention by this court in State v. Barksdale, 247 La. 198, 170 So.2d 374, wherein this court observed, “These (jury commissioners) are appointive offices filled by the governor and judges, respectively, based upon their evaluation of the qualification of the individual appointee,” and held, “The absence of Negroes in those offices * * is not evidence of systematic discrimination against Negroes in the selection of juries.”
 

 The basis for the foregoing holding is sound and logical as the sole function of the jury commission is the selection of the jury venire from which the grand and petit juries were selected, making no judicial inquiry regarding the guilt or innocence of an accused as does the grand and petit juries.
 

 While the right of an accused under the 14th Amendment to demand that there
 
 *96
 
 shall be no discrimination in the selection of jury venire because of race or color, is no longer questionable, an accused has no vested right in any particular method of selection of juries and the burden is on him to establish any discrimination. State v. Rideau, 249 La. 1111, 193 So.2d 264, cert. denied, 389 U.S. 861, 88 S.Ct. 113, 19 L.Ed. 2d 128; State v. Hills, 241 La. 345, 392, 129 So.2d 12; State v. Fletcher, 236 La. 40, 106 So.2d 709; State v. Green, 221 La. 713, 60 So.2d 208.
 

 In the instant case there is absolutely no allegation or showing which would indicate the jury venire was improperly drawn or contributed in any manner to an unfair or impartial trial. In fact, as shown by the per curiam of the trial judge, “ * * * a large number of the venire chosen for the trial of these cases * * * were persons of the same race as the defendants, and in fact, three persons of that race were selected to sit on the jury of twelve.”
 

 Counsel’s further argument that defendant was also prejudiced by the exclusion of women from the jury solely because of their sex
 
 [2]
 
 was also adjudicated adversely to this contention in the case of State v. Reese, 250 La. 151, 194 So.2d 729, by this court, citing as authority the case of Hoyt v. State of Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118, wherein the United States Supreme Court reached a similar conclusion. Moreover, the court will not entertain a defendant’s objection to exclusion from a jury unless he was a member of the class excluded. See, Fay v. New York, 332 U.S. 261, 67 S.Ct. 1613, 91 L.Ed. 2043.
 

 For the reasons assigned the convictions and sentences are affirmed.
 

 [1]
 

 . These eases were obviously consolidated for trial by consent of counsel because of the facts as revealed in the State’s brief that the victims, Cockrell and Powell, were both police officers dispatched to quell a disturbance at a school in Haynesville where approximately 200 Negroes were milling about on the grounds, culminating in a fight. The officers, realizing they would be unable to complete the arrest of defendant Watts,, retreated to their car to call for assistance where they were followed by a group involved in the disturbance and Cockrell was pulled from the car, being stabbed in the back by Copeland while he was held by Watts. In the ' m'eantime Adams stabbed Powell who was seated in the car.-
 

 [2]
 

 . Although this argument was urged as one óf the bases in defendant’s motion to quash, it was not included in the bill of exception as perfected.