Carl SMITH, Plaintiff-Appellee,

v.

**STUDENT NON–VIOLENT COORDI-
NATING COMMITTEE et al.,
Defendants-Appellants.**

No. 27276.

United States Court of Appeals,
Fifth Circuit.

Dec. 16, 1969.

Rehearing Denied and Rehearing En
Banc Denied Feb. 5, 1970.

C. B. King, Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., Jack Greenberg, Charles Stephen Ralston, New York, N. Y., for defendants-appellants.

Hilliard P. Burt, D. D. Rentz, Albany, Ga., Burt & Burt, Albany, Ga., for plaintiff-appellee.

Before RIVES, COLEMAN, and MORGAN, Circuit Judges.

PER CURIAM:

In this case on November 25, 1968, the District Court for the Middle District of Georgia, Albany Division, entered the following memorandum opinion and order on a petition for remand.

"This is the second removal of this case by the Defendants from the Superior Court of Dougherty County, Georgia to this court and for the second time the case will be remanded to the State Court.

A review of the previous record and an examination of the pleadings, affidavits and briefs on file in connection with this most recent removal shows the following to be a history of this matter.

The Plaintiff filed his action for damages against the Defendants in the Superior Court of Dougherty County, Georgia on July 15, 1965. On August 6, 1965 the Defendants removed said action to this Court, alleging as a basis for removal that they could not obtain a fair trial in the State Court because of the manner in which the jury lists in the State Court were compiled. On September 7, 1965 this Court entered its order remanding the action to the Dougherty Superior Court. The Defendants then appealed the order and judgment of this Court to the United States Court of Appeals for the Fifth Circuit. On August 23, 1967 the Court of Appeals entered its judgment affirming this Court's remand order [382 F.2d 9] and on September 22, 1967 this Court made the judgment of the Court of Appeals the order of this Court and the case was thereby effectively remanded to the State Court.

On October 13, 1967 the Defendants filed defensive pleadings to said action in Dougherty Superior Court. The action was set for trial in Dougherty Superior Court at the July term, 1968, but was continued at the request of one of Defendants' counsel. A number of depositions had been taken and various interrogatories had been propounded and answered by the parties. The matter was set down for trial at the September, 1968 term and all parties were notified to be present for trial of the case, which was set for September 19, 1968. Preliminary to the date set for trial a pretrial hearing was held by the State Court.

When the case was called for trial in the State Court on September 19, 1968 Counsel for the Defendants asked the Court to postpone the striking of a jury until further examination could be made of the pleadings and the State Court granted the request, postponing the striking of a jury until 3:30 p.m. on September 19. When that hour arrived on that date Counsel for the Defendant delivered to the State Court a copy of a petition to remove said action again to this Court, which petition for removal had been filed in this Court a few moments earlier. Since the case was again removed the State Court Judge did not proceed with the trial.

■■■ This second removal petition is based upon substantially the same theory as was urged in the first removal petition. The Defendants again assert that because of the provisions of a Georgia statute defining the manner and means of selecting jurors in the State Courts the Defendants are deprived of the equal protection of the laws.

This Court found this contention to be without merit when this case was first removed and this Court again finds this contention to be without merit. The Defendants point out that since the filing of the first removal petition the Georgia General Assembly has amended the pertinent section of the Georgia Code to provide that jury lists shall be selected from the official registered voters list in the various counties and that since the statutory provision has now been changed the ground for this new removal petition has not had the consideration of this Court or of the Court of Appeals.

It need only be pointed out that while the Defendants' appeal was pending in the Court of Appeals for the Fifth Circuit the Georgia statute was modified and the Court of Appeals took notice of this modification in the second and third divisions of its opinion, and after citing the new Georgia statute the Court of Appeals said:

'The result is that measuring today the propriety of an earlier remand of a

case we must reckon with the fact that this ground for removal no longer exists. No longer is there the requisite state statute on which to base the prediction that the parties will be denied or cannot enforce in the state courts the federally recognized right to a trial free of racial discrimination.

'With the cases back in the state court there is no statute which will deny the federal right. Likewise, there is now no statute which makes enforcement of that right in the state courts unobtainable. If impermissible discrimination occurs it will come not from the statutory scheme, but from mal-administration. Removal under § 1443(1) is not the remedy for that.'

It thus clearly appears that the Court of Appeals has already ruled adversely to the contentions here made by the Defendants.

There was no basis for the second removal of this case to this Court. Accordingly, it is considered, ordered and adjudged that the case be and the same hereby is remanded to the Superior Court of Dougherty County, Georgia, the court from which it was removed.

■ The Court finds that this second removal of this case from the State Court to this Court was not an action taken by the Defendants in good faith, but was, on the contrary, an action taken in bad faith with the obvious purpose and intent of simply frustrating the trial of the issues in the State Court. By this action the Defendants have caused the Plaintiff unnecessary trouble and expense, among which are expense of representation by counsel in combatting this removal action, in the preparation of petition for remand, affidavits and briefs in support thereof, and in the circumstances the Court determines that the Plaintiff is entitled to recover from the Defendants as a part of his reasonable costs an amount of $700.00 as attorney's fees, together with such other costs as may be appropriately determined by the Clerk, for all of which let execution issue."

The recited facts and circumstances support a finding that this second removal was an action taken in bad faith and that the case should have been remanded. Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2,86, 20 L.Ed.2d 1189 does not require a different result. The action of the District Court in remanding the case for a second time is affirmed.

■ We are of the further opinion, however, that the appellants were entitled to a hearing as to the amount of the attorney fees to be assessed against them, Miles v. Dickson, 5 Cir., 1967, 387 F.2d 716. That part of the judgment fixing the amount of the fees will, therefore, be reversed as to that item alone and remanded for an appropriate hearing.

On remanding the case to the state courts, Affirmed.

As to the amount of the attorney fees to be assessed, reversed and remanded.

## ON PETITION FOR REHEARING AND PETITION FOR REHEAR-EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.