**Albert William HALE, Petitioner,**

v.

**C. Murray HENDERSON, Warden, Tennessee State Penitentiary, Nashville, Tennessee, Respondent.**

**Civ. No. C–67–130.**

United States District Court,
W. D. Tennessee, W. D.

Jan. 27, 1972.

Walter L. Bailey, Jr., Memphis, Tenn., for petitioner.

James M. Tharpe, Memphis, Tenn., for respondent.

## MEMORANDUM DECISION

BAILEY BROWN, Chief Judge.

The purpose of this memorandum is to summarize in one document the lengthy history of this litigation and to state our reasons for ordering an evidentiary hearing and to define the questions to be investigated at such hearing.

Petitioner, Albert William Hale, a prisoner of the State of Tennessee serving a life sentence imposed in the Criminal Court of Shelby County (Memphis) in 1965 for first degree murder, initiated this federal habeas proceeding by filing a petition *pro se* in the Middle District of Tennessee on May 10, 1967, and the action was transferred to this District pursuant to 28 U.S.C.A. § 2241. In the petition, the conviction was attacked only on the ground that petitioner's statement was admitted in evidence at his trial in violation of his federal constitutional rights, and petitioner alleged that the Supreme Court of Tennessee had affirmed the conviction. On July 7, 1967, respondent answered, admitting petitioner had exhausted state remedies and denying that the admission of his statement in evidence was federal constitutional error. On July 14, 1967, this Court ordered respondent to file a transcript of petitioner's state criminal trial.

On July 26, 1967, this Court entered an opinion and order, based on our review of the trial transcript, denying the petition and dismissing the action. We concluded therein that the state trial court's determination of the federal constitutional issue met the standards of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, and that therefore an evidentiary hearing was unnecessary. On appeal, the Court of Appeals for the Sixth Circuit on September 17, 1968 reversed, holding that an evidentiary hearing was required. 400 F.2d 655 (1968).

On October 22, 1968 we appointed counsel for petitioner, Mr. Walter L. Bailey, Jr., and we then entered an or-

der of habeas *ad subjiciendum* with respect to petitioner for the purpose of holding an evidentiary hearing on January 29, 1969. However, with leave of Court, petitioner amended his petition on January 8, 1969 to add the contention that Negroes were systematically excluded from the position of foreman of the grand jury at the time he was indicted [1] and to add the contention that evidence obtained by an unconstitutional search was admitted against him at the trial. The evidentiary hearing was then continued more than once on request of counsel for both sides. On May 1, 1969, petitioner filed a motion for discovery and inspection, and when this motion was heard, the Court pointed out to counsel for petitioner that he had not exhausted state remedies with respect to the new grounds for relief added to the petition, and we inquired whether he desired to have the evidentiary hearing on the original ground for relief alone or to first exhaust state remedies as to the additional grounds for relief. Counsel advised that he preferred to follow the latter course, and an order was entered on May 9, 1969 holding this cause in abeyance.

Petitioner then filed a post-conviction proceeding in the Criminal Court of Shelby County, setting out the claim with respect to the grand jury foreman and the claim with respect to the search. His petition was denied without a hearing, and such denial was affirmed on appeal by the Court of Criminal Appeals of Tennessee on September 17, 1970.[2] The Supreme Court of Tennessee denied certiorari without written opinion on February 16, 1971.

On August 10, 1971, petitioner moved for evidentiary hearing on all issues, alleging that he had now exhausted state remedies, and this Court, treating the motion as an amendment to the petition, entered a show cause order on August 18, 1971 requiring respondent to answer the petition as so amended. Respondent answered on October 28, 1971, and on November 1, 1971, we referred the cause to the Magistrate for a study and report. The Magistrate filed his report on November 23, 1971, and because of certain questions raised by the report, we entered an order on December 16, 1971 requiring respondent to amend his answer and to thereby supply additional information. The answer was so amended on January 7, 1972, and on that day we again referred this cause to the Magistrate for an additional study and report in the light of such amended answer. The Magistrate filed his supplemental report on January 12, 1972.

With respect to systematic exclusion of Negroes from grand juries, the applicable law is clear. In Whitus v. Georgia, 385 U.S. 545, 549, 87 S.Ct. 643, 646, 17 L.Ed.2d 599 (1967) it is stated:

"For over fourscore years it has been federal statutory law, 18 Stat. 336 (1875), 18 U.S.C. § 243, and the law of this Court as applied to the States through the Equal Protection Clause of the Fourteenth Amendment, that a conviction cannot stand if it is based on an indictment of a grand jury or the verdict of a petit jury from which Negroes were excluded by reason of their race. [Citations omitted.]"

Moreover, with respect to proof of such systematic exclusion, in Coleman v. Alabama, 389 U.S. 22, 88 S.Ct. 2, 19 L.Ed.2d 22 (1967) it is stated at 22–23, 88 S.Ct. at 3:

"Although the evidence was in dispute regarding the inclusion of Negroes in the grand and petit jury venires in the county in which petitioner was indicted and tried, it appeared that no Negro served on the grand jury which indicted or the petit jury which convicted petitioner. It further appeared that up to the time of petitioner's trial, no Negro had ever served on a grand jury panel and few, if any, Negroes had served on petit jury panels. This 'testimony in itself made out a

---

1. Petitioner is a Negro as was the woman that he was convicted of murdering.

2. This opinion is not reported but has been filed in this cause by respondent.

prima facie case of the denial of the equal protection which the Constitution guarantees.' [Citation omitted.] In the absence of evidence adduced by the State adequate to rebut the prima facie case, petitioner was therefore entitled to have his conviction reversed. [Citations omitted.] "

In his petition filed in the post-conviction proceeding in the Criminal Court of Shelby County, petitioner alleged:

"That subsequently Petitioner was indicted by the Shelby County Grand Jury for MURDER IN THE FIRST DEGREE. That petitioner is racially black and the foreman of the Shelby County Grand Jury which returned the indictment against him and who is the present foreman is racially white. That although Section 40–1506 of the Tennessee Code Annotated provides that a foreman is to be selected every two years, no black man has ever served in such capacity in Shelby County. That as far back as Petitioner's attorney has researched, which is to 1940, there have been more than 152 pro-tempore Grand Jury foremen and at least 14 regular grand jury foremen appointments and none has been black. That the only qualification to serve in such capacity as pro-tempore and regular foreman is that a person be at least 25 years of age, a citizen of the United States, and a resident of the State of Tennessee, and of the County of Shelby for a period of twelve months next preceding the date that he would be summoned to serve. That there have always been thousands of blacks with these qualifications and Negroes have constituted in the past at least approximately 25% of the entire population of Shelby County. That the population of Shelby County since 1940 has been in excess of 200,000 residents and is now above 600,000. That there has been deliberate and systematic exclusion of Negroes from the post of Grand Jury foreman and the post of pro-tempore and said exclusion caused the Grand Jury that returned the indictment herein to be unconstitutionally constituted and in violation of the Petitioner's 'equal protection' under the United States Constitution."

In that post-conviction proceeding, respondent filed a "motion to strike" the petition, setting out, as the only ground therefor so far as the grand jury exclusion claim was concerned, that "a defective indictment is no grounds for habeas corpus relief when petitioner has been convicted at trial on a not guilty plea." The trial court granted the motion and dismissed the petition "on the grounds set out therein." On appeal, in affirming, the Tennessee Court of Criminal Appeals said, with respect to the claim of grand jury exclusion, only this:

"Although the right of an accused under the Fourteenth Amendment to the Constitution of the United States to demand that there be no discrimination in the selection of the grand jury because of race or color is no longer questionable, the absence of Negroes as foremen of the grand juries is not evidence of systematic exclusion in the selection of the grand juries. The fact that no Negro had ever served as foreman of the grand jury does not show discrimination without showing systematic racial discrimination in the venires from which the grand juries are drawn. We do not think that the charge that no one of petitioner's race had been appointed foreman by the trial judges requires an evidentiary hearing. In State v. Copeland [255 La. 91], 229 So.2d 710 (Supreme Court of Louisiana, 1969), the court held that the fact that no Negro had ever served as jury commissioner does not show discrimination."

It appears that at all times involved here the foreman and the foreman pro tempore of the grand jury was appointed from the public at large by the Judge of Division I of the Criminal Court [3]

---

3. See amended answer of respondent and T.C.A. § 40–1506.

and that the sole qualification for foreman was that he be at least twenty-five years of age, be a good and lawful man, and possess all qualifications of a juror.[4] The foreman is the thirteenth member of the grand jury, having equal power and authority with the other members,[5] and an indictment may be returned by the concurrence of twelve grand jurors.[6] Thus the foreman participates in the deliberations, has a vote, and his vote may be determinative as to whether an indictment is to be returned.

■ As indicated, the state trial court dismissed petitioner's claim with respect to the exclusion of Negroes from the position as foreman of the grand jury only for the reason that petitioner had been "convicted at trial on a not guilty plea." In his answer here, respondent does not rely on the ground that the state trial judge relied upon but has simply adopted as a defense the grounds of affirmance set out in the opinion of the Court of Criminal Appeals. The first ground of affirmance by the Court of Criminal Appeals was, as has been seen, that "absence of Negroes as foreman of the grand juries is not evidence of systematic exclusion in the selection of grand juries." We do not know what the Court means by this statement since the initial step in proving systematic exclusion would be to show that Negroes had not served. And while such evidence would certainly not be conclusive proof of systematic discrimination, the case of Coleman v. Alabama, *supra*, holds that it would create a prima facie case in support of systematic exclusion. The second ground of affirmance, as has been seen, by the Tennessee Court of Criminal Appeals was: "The fact that no Negro had ever served as foreman of the grand jury does not show discrimination without showing systematic racial discrimination in the venires from which the grand juries are drawn." We do not understand why lack of systematic exclusion with respect to venires from which grand juries are drawn is an answer to petitioner's claim. As has been stated, grand jury foremen are appointed from the public at large, not from the venire; and even if they were appointed from the venire, it would still be possible systematically to exclude Negroes from appointment. If the Court means to say that, if the twelve members of the grand jury other than the foreman were selected without systematic exclusion of Negroes[7], it would be constitutionally immaterial if Negroes were systematically excluded from the position of foreman, we cannot agree. We cannot agree because Whitus v. Georgia, *supra*, does not indicate that a grand jury that is twelve-thirteenths constitutional can render constitutionally valid indictments.

■ Accordingly, it appears to us that the state courts had a plain duty to afford petitioner an evidentiary hearing with respect to his claim as to grand jury discrimination, and since they have failed to grant him such a hearing, he is entitled to one here.

■ With respect to petitioner's added claim as to an illegal search for and seizure of evidence that was used at this trial, respondent's motion to strike in

---

4. T.C.A. § 40–1507.

5. T.C.A. § 40–1506.

6. T.C.A. § 40–1706.

7. There is no contention here that Negroes were systematically excluded from the grand jury generally. For a case dealing with such a contention, see Anderson v. Johnson, Warden, 371 F.2d 84 (6th Cir. 1966), which affirmed, by a divided court, the determination by the District Court for the Middle District of Tennessee that it had not been shown that Negroes had been systematically excluded from grand juries in Maury County, Tennessee. The Supreme Court granted certiorari but then allowed the result below to remain in effect with a per curiam opinion stating that four justices would reverse and four would dismiss the writ as improvidently granted. 390 U.S. 456, 88 S.Ct. 1194, 20 L.Ed.2d 27 (1968).

the state trial court was based on the sole ground that such was a question of the admissibility of evidence that could be raised only on direct appeal of his conviction. The trial court sustained the dismissal of the claim on this ground. The Court of Criminal Appeals affirmed the trial court, first on the ground that the evidence referred to was not described in the petition and second on the ground that, in not objecting to the admission of the evidence, petitioner had waived his claim. Respondent has here adopted as defenses these grounds of affirmance by the Court of Criminal Appeals. We are satisfied that, on the record now before us, we cannot hold that petitioner has waived his claim for present purposes. Wade v. Yeager, 377 F.2d 841 (3rd Cir. 1967), cert. denied 393 U.S. 893, 89 S.Ct. 218, 21 L.Ed.2d 173. Moreover, we think a fair reading of such cases as Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) leads to the conclusion that, though petitioner did not describe the evidence that he contended in his state court petition had been illegally obtained, he has exhausted his state remedies within the meaning of 28 U.S.C.A. § 2254(b).[8] A reference to the trial transcript in the state criminal court would make clear that petitioner at least had to be referring to evidence that blood was found on the seat of his car when it was searched. However, we will require petitioner to be more specific in his petition here.

Accordingly, we are of the opinion that petitioner is entitled to an evidentiary hearing in this court on the claimed constitutional error in admitting in evidence the fruits of any allegedly illegal search.

An order will be prepared for entry.

---

8. While it was held in *Picard* that the complaining party there had not exhausted his state remedies, it is clear that if he alleges his contention and the state court simply does not require him to be more specific and then refuses to consider the contention because it is not sufficiently specific, he must be held to have exhausted his state remedies for present purposes.