Dennis P. HANLEY and William C. Swerbenski, Plaintiffs-Appellants, and
United States of America, Intervening Plaintiff-Appellee,

v.

David L. CONDREY, Defendant-Appellee.

No. 784, Docket 71–1911.

United States Court of Appeals, Second Circuit.

Submitted June 30, 1972.

Decided Aug. 11, 1972.

William F. McNulty, New York City (Hampton & Dietel, New York City, of counsel), for defendant-appellee.

William E. Fuller, New York City (Fuller, Lawton & Moyles, New York City, of counsel), for plaintiffs-appellants.

David Paget, Asst. U. S. Atty., New York City (Whitney North Seymour, Jr., U. S. Atty., S. D. New York, New York City, and Michael D. Hess, Asst. U. S. Atty., of counsel), for intervening plaintiff-appellee.

Before MOORE, SMITH and TIMBERS, Circuit Judges.

PER CURIAM:

Dennis P. Hanley and William C. Swerbenski appeal from a summary judgment entered in the United States District Court for the Southern District of New York. The appellants filed a complaint on July 5, 1966, to recover damages arising out of an automobile accident with the defendant-appellee David L. Condrey. On November 8, 1968, the United States filed an intervening complaint in order to protect its interest in monies expended for hospital care for the two plaintiffs, who were Coast Guardsmen at the time of the accident. In June of 1967 the action was settled. Releases were thereupon delivered, settlement letters exchanged and the settlement checks were paid. On September 21, 1967, a "Complaint for Declaratory Judgment" against the United States of America (U.S.A.) and The Employers Liability Assurance Corporation Ltd. (the Insurance Company) was filed on behalf of plaintiffs. The dispute involved two checks drawn to the order of "DHEW-Public Health Service" for $1,484.00 and $2,144.00 in payment of HEW's medical claim for hospital services rendered to the two plaintiff Coast Guardsmen, who had been injured in an accident, giving rise to the medical services.

Under the Medical Care Recovery Act, 42 U.S.C. § 2651 et seq., the government is entitled to recover from the "third person" responsible for the "tort liability", "the reasonable value of the care and treatment" furnished to its servicemen.

This claim was recognized in the original complaint by the three injured servicemen. Hanley, Swerbenski and Boehler against the tortfeasor David L. Condrey wherein HEW's claim for medical care is asserted under 42 U.S.C. §§ 2651–2653 in the respective sums of $1,484 (Hanley) $2,144 (Swerbenski) and $406 (Boehler).

Upon the overall settlement for $18,500 (defendant's policy offered $20,000 protection), checks were drawn as follows:

*Hanley claim*

Check for $5,916 to the order of Hanley and his attorney William E. Fuller.

Check to HEW for medical care in the amount of $1,484.

*Swerbenski claim*

Check for $6,181 to the order of Swerbenski and his attorney William E. Fuller.

Check to HEW for medical care in the amount of $2,144.

*Boehler claim*

This claim, settled for $2,775, of which $406 was to be paid to HEW, is not involved in the appeal.

Releases reciting the settlement payments were delivered by Hanley and Swerbenski to Condrey and the Insurance Company and the action was terminated.

In his Closing Statement to the Judicial Conference of the State of New York, plaintiffs' attorney disclosed that of the $7,400 he retained $2,466.67 as compensation, paid another attorney $50 and paid Hanley $3,327.60. He referred to the HEW check as a contested claim and stated that he was "Holding check." A similar statement relating to Swerbenski disclosed an $8,325 settlement, $2,775 to the attorney, $50 to another attorney and $3,140 to Swerbenski. The HEW check which he was holding was in the amount of $2,144.

The statements were dated June 23, 1967.

When the "settled" action came on before Judge Levet for trial, it became quite evident that the original negligence action had been settled, the checks cashed, releases delivered and the case terminated. In complete repudiation of the terms of the settlement and the provisions of the Medical Recovery Act, plaintiffs' attorney argued that plaintiffs were entitled to the HEW checks which he had failed to deliver for some five years. The court gave him an opportunity to testify. The examination amounted to nothing more than a statement of his legal theories.

During the pre-trial conference, it became obvious that all letters, documents, releases and checks bearing upon the issue were before the court and undisputed. Therefore, there was no material issue of fact to be tried. A motion (summary judgment) to dismiss was thereupon made by defendant Condrey on the grounds of settlement and release. Judge Levet granted the motion, holding that the U.S.A. (HEW) was entitled to the two checks issued to HEW and withheld by plaintiffs' attorney for some five years, that the outdated checks be delivered and new checks issued therefor. No papers opposing the motion were submitted. The opinion of Judge Levet analyzing all papers and documents before him bearing upon the settlement is adopted in its entirety.

On appeal plaintiffs' attorney challenges the right of Judge Levet in a pre-trial conference to explore the relevant issues and the evidence proposed to be presented in support thereof. He characterizes the court's action in so doing as "prejudicially biased, arrogant and tyrannical", "deliberately ignoring the Federal Medical Care Recovery Act", that "this prejudicially biased District Judge did * * * ride rough-shod over and trample the civil and Constitutional rights of plaintiffs to due process of law, to a trial by jury, and to fair and even-handed justice." Other less than complimentary adverbs are employed as well as utterly specious arguments.

An attorney is justified in pursuing, and in fact should pursue, his client's cause vigorously. This duty, however, does not justify a completely unwarranted-by-the-record attack upon the Judge. With the documented and undisputed facts before him, there is a real question as to whether this attorney should have brought the declaratory judgment action in the first place. In the light of Judge Levet's lucid opinion, any appeal was patently frivolous.

The question of costs remains. Section 1927 of Title 28 U.S.C. permits taxation against any attorney personally "who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously."

This litigation should now be at an end. To assess costs against the attorney personally might, as suggested in Miles v. Dickson, 387 F.2d 716 (5th Cir. 1967) (per curiam) and Fed.R.App.P. 46(c), require notice and a hearing—a procedure to which we neither subscribe nor which we reject. In any event, further proceedings in federal courts should be avoided.

Judgment affirmed with costs to appellees.