**Albert William HALE**

v.

**C. Murray HENDERSON, Warden Tennessee State Penitentiary.**

**Civ. No. 67-130.**

United States District Court, W. D. Tennessee, Memphis Division.

Oct. 4, 1972.

Walter L. Bailey, Jr., Memphis, Tenn., for petitioner.

James M. Tharpe, Special Counsel, State of Tennessee, Memphis, Tenn., for respondent.

MEMORANDUM

SWINFORD, District Judge.

The record of this case upon a petition for the writ of habeas corpus is finally submitted. An evidentiary hearing was held on May 3, 1972, at Memphis, Tennessee, and the parties having been placed upon terms to do so, have filed memoranda of law. A summary of the proceedings leading up to the evidentiary hearing is contained in Judge Brown's Memorandum Opinion reported

as Hale v. Henderson, at 336 F.Supp. 512 (1972).

■ The single issue before the court is whether the petitioner's conviction was obtained upon an indictment returned by an improperly constituted grand jury. The petitioner contends that blacks have been systematically excluded from the position of foreman for the grand juries of the criminal court in which he was convicted, and contends that those juries have, therefore, been improperly formed in violation of the Equal Protection of the Law Clause as it has been applied to the selection of grand juries under the law of Whitus v. Georgia, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967).

It is the opinion of the court for reasons hereinafter stated that, although the petitioner may well have brought to light constitutional shortcomings in the general method of selection of grand jury foremen for the State of Tennessee, the particular facts of his case do not entitle him to relief.

Under the law of Tennessee, grand juries are composed of 12 jurors selected at random from the venire, and one foreman appointed by the Judge having criminal jurisdiction in that county. Tennessee Code Annotated sec. 40–1506 (hereinafter T.C.A.). The Judge may within his discretion select the foreman from the community at large, and his selection may be completely divorced from the selection of the venire and the selection of the other jurors. T.C.A. sec. 40–1506. An indictment may not be returned by fewer than 12 votes, but the foreman is possessed of all of the powers of the other members of the jury, including the right to vote. T.C.A. sec. 40–1706 and 40–1506. The petitioner has not contended that the method of selection of the venires from which the grand juries are chosen has been such as to systematically exclude members of racial groups; he contends that the selection of the foremen, who are, as mentioned, voting members of the grand juries, is not safeguarded by a racially neutral and random method, but is wholly within the discretion of the criminal Judge. He further contends that since 1940 there have been no black grand jury foremen, thus demonstrating a prima facia case of racial discrimination under the law of Coleman v. Alabama, 389 U.S. 22, 88 S.Ct. 2, 19 L.Ed.2d 22 (1967). The petitioner argues that inasmuch as a voting part of the grand juries have been improperly chosen, the whole of the grand juries have been tainted; which is to say that a grand jury that is $\frac{1}{13}$ unconstitutional cannot render constitutionally valid indictments.

The petitioner's entitlement to relief must depend on the particular facts of his case, and although his argument with respect to the method of selection for grand jury foremen is well taken, it is the opinion of the court that he cannot successfully assert that his right to equal protection of the law has been abridged by the purposeful exclusion of blacks from any part of the grand jury which returned the indictment upon which his conviction was based.

Notwithstanding the petitioner's argument that grand jury foremen have been arbitrarily appointed and that over a period of history all grand jury foremen so appointed have been white, it appears that the particular grand jury indicting the petitioner was composed wholly of men selected from the venire. The grand jury indicting the petitioner was not chaired by the regular foreman, but by the foreman pro tempore, who was chosen from a body of grand jurors which were selected from the venire. There has been no evidence produced, nor has it been argued that the venire was discriminatorily constituted. The court must conclude that the venire was selected in a manner that did not systematically exclude blacks.

The foreman pro tempore was, prior to his appointment, a member of the grand jury body that ultimately rendered the petitioner's indictment. Following his appointment, his vacancy on the jury was filled by a member of the venire. Judge Sellers, Judge of Division

I of the Criminal Court of Shelby County, Tennessee, wherein the petitioner was convicted, testified that the formation of the grand jury body was purely by lot. Certainly it cannot be contended that the foreman pro tempore's presence on the grand jury was effected by a discriminatory selection process.

The court does not believe that the fact that Judge Sellers exercised his discretion in appointing a member of the grand jury body to act as foreman pro tempore is significant where the members he chose from were all randomly selected. That Judge Sellers had the authority to select, in whatever manner he saw fit, the man whom he thought could best discharge the duties of foreman, was not discriminatory where the body from which the selection was made had been randomly created. Moreover the fact that Judge Sellers could have gone outside of the grand jury body to select a foreman pro tempore is not significant where, as in this particular case, he did not.

Case law indicates that the constitution only requires that a conviction cannot stand if it is based on an indictment of a grand jury from which blacks have been excluded by reason of their race. Whitus v. Georgia, supra. The Supreme Court speaks of the grand jury as an entity, and where each of the voting parts of that entity is selected in a nondiscriminatory manner it cannot be said that equal protection of the law has been denied where one of the voting parts of that entity has been chosen by the court to act as foreman pro tempore. It should be noted that the duties of a foreman pro tempore are largely unrelated to the actual return of indictments. His principal duties relate to administrative functions. His sole power in the indictment rendering process is his power to vote, and when considering the petitioner's foreman in his voting capacity, he was selected in the same manner as the remaining members of the grand jury. A defendant has no right to demand that blacks be included on the grand jury that indicts him, Alexander v. Louisiana, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972); Virginia v. Rives, 100 U.S. 313, 25 L.Ed. 667 (1880), and where blacks have not been deliberately and systematically excluded from the body from which the foreman pro tempore is appointed, he has no right to demand that the foreman pro tempore be black. The court must conclude that under the facts of this case the petitioner is not entitled to relief.

Admittedly the court has left unanswered the question of whether a voting member of the grand jury may be selected by a process that does not protect against the systematic exclusion of racial groups. Whitus would seem to proscribe the deliberate exclusions of blacks from any voting position on the grand jury, but here it is clear that blacks were not systematically excluded from any of the thirteen voting positions of the grand jury that indicted the petitioner. An order will this day be entered denying the petitioner relief and dismissing the action.