**Melvin Eugene WRIGHT, Petitioner-Appellant,**

v.

**DALLAS COUNTY SHERIFF DEPARTMENT, Respondent-Appellee.**

No. 81–1080
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 5, 1981.

---

Charles T. Marshall, Dallas, Tex. (Court-appointed), for petitioner-appellant.

Charles J. Baldree, Asst. Dist. Atty., Dallas, Tex., for respondent-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

PER CURIAM:

Melvin Eugene Wright sued the Dallas County Sheriff's Department claiming a civil rights violation under 42 U.S.C. § 1983. He alleged that deputy sheriffs had seized a number of items of personal property, mostly law books, when he was transferred from the Dallas County jail to the state penal system.

Wright requested appointment of a named attorney. The district court denied this request without reason given. He again requested appointment of the same attorney and a trial continuance in an affidavit dated September 23, 1980, but not filed until September 30. The case came to trial on September 29. Appellant Wright again renewed his request for the appointment of an attorney and asked for a continuance. He was warned by the judge that no attorney would be appointed and that if he did not continue with the trial the case would be dismissed with prejudice. Wright continued to refuse to go ahead with the trial on September 29, and on defendants' motion his case was dismissed with prejudice.

Dismissal with prejudice, we have held, is warranted only when there is a clear record of delay or contumacious conduct.

> Dismissal with prejudice, however, is an extreme sanction that deprives a litigant of the opportunity to pursue his claim. Although on an appeal from the imposition of such a sanction this court will confine its review to a determination of whether the district court abused its discretion, we have consistently held that dismissal with prejudice is warranted only where "a clear record of delay or contumacious conduct by the plaintiff" exists, *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967), and "a lesser sanction would not better serve the interests of justice," *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970).

*Gonzalez v. Firestone Tire and Rubber Co.,* 610 F.2d 241, 247 (5th Cir. 1980).

■ The dismissal with prejudice may or may not have been warranted in this case; the record is inadequate for us to judge. The order of dismissal gave no reason. In denying the appellant the authority to proceed on appeal in forma pauperis the district judge certified that the appeal was not taken in good faith. The reason given was as follows:

> When this suit was called for trial plaintiff advised the Court that since the Court would not appoint an attorney to represent him that he did not wish to proceed with his suit. The Court advised plaintiff his failure to proceed would result in the dismissal for want of prosecution of his suit. Plaintiff persisted in his decision not to proceed. The defendants and their witnesses were ready for trial. The Court had the plaintiff and two of his requested witnesses brought from the Texas Department of Corrections where they were confined so that they could be present and this suit could proceed to trial.

This statement by the district judge is not adequate for us to determine whether failure to grant another continuance and to consider again the appointment of counsel was an abuse of discretion. The refusal of the district judge to appoint counsel may have been because appellant was insisting upon the appointment of a particular named counsel. The record does not show if there ever was a full explanation by the district judge that it was not the prerogative of the plaintiff to demand particular named counsel. If there had been such an explanation and plaintiff continued to refuse to proceed unless his personally selected counsel was named, a dismissal with prejudice would be justified. Courts have the right and obligation to maintain control over their dockets. But, in this case the reason given by the district court is that he refused to proceed because the court would not appoint "an attorney".

There could be other reasons, unexplained, why the court dismissed plaintiff's case with prejudice. Plaintiff may have been so contumacious and contentious at the trial appearance the district judge concluded that full explanation of his rights and an opportunity to reconsider his refusal to continue would have availed nothing. Certainly, this record does not show that delay alone by the plaintiff was sufficient to justify the dismissal with prejudice, even though the plaintiff had subpoenaed witnesses from the prison system who were present at the trial.

It may also be that the district court dismissed with prejudice either on the ground that in this particular case appointment of counsel was not justified or on the broad ground that plaintiffs in § 1983 civil rights suits are not entitled to the appointment of counsel. If either of these was the motive for the decision of the court, it was worthy of more careful consideration and explanation. While a civil rights complainant usually has no right to appointed counsel, *Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975), *overruled on other grounds, Patsy v. Florida Intl. Univ.,* 634 F.2d 900 (5th Cir. 1981), there is no specific holding one way or the other by this Court. Some circuits have noted that counsel should only be appointed in "exceptional circumstances" in § 1983 cases, *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir. 1980). But, the Court of Appeals for the Eighth Circuit in *Shields v. Jackson,* 570 F.2d 284, 285 (1978), directed the district court to reconsider its refusal to appoint counsel emphasizing the fact that the plaintiff in the civil rights suit was an indigent prisoner who was in no position to investigate his case, and therefore the appointment of counsel would advance the proper administration of justice. *See also Stringer v. Rowe,* 616 F.2d 993, 1001 (7th Cir. 1980). In *Gordon v. Leeke,* 574 F.2d 1147, 1153 (4th Cir. 1978), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978), the Court indicated that if it is apparent to a district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel.

The decision of this Court which comes closest to establishing a right to appointed counsel at least in some circumstances in § 1983 proceedings is *Knighton v. Watkins*, 616 F.2d 795 (5th Cir. 1980). In this case the plaintiff-prisoner claimed violation of his civil rights under § 1983 in prison discipline taken against him. The U. S. Magistrate appointed counsel to represent him in the case. On appeal, where the adequacy of the award of appointed attorney's fees was being challenged, the Court was asked to decide that the appointment of counsel was not justified in the first place. Judge Rubin's opinion replied:

> If such a complaint has merit, the serious allegations must be separated from those that are frivolous and from the irrelevant commentary that is usually included. It is a service to the court for counsel to explain the applicable legal principles to the complainant and to limit litigation to potentially meritorious issues. In addition, appointment of a lawyer provides the unlettered inmate with an opportunity to obtain representation equally qualified with the professional counsel usually provided by the state for the defendant.

*Id.* p. 799.

We are left with an inadequate record in this case to decide whether it was an abuse of discretion for the district court to refuse to appoint counsel. The case must be remanded for the court to reconsider its dismissal with prejudice or to furnish this Court with a detailed explanation as to why counsel was not appointed under the facts of this case. If the reason for the dismissal with prejudice was solely on the basis of a legal conclusion that attorneys are not appointed for plaintiffs in § 1983 proceedings, the court should reconsider that conclusion in the light of decisions in this Court and other courts which at least open the possibility that in some circumstances plaintiffs in § 1983 cases need to have the assistance of counsel to be enabled to present their cases adequately.

Upon remand the district court should also consider whether appellant Wright's claims fall within the ambit of *Parratt v. Taylor*, —— U.S. ——, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), a case decided since the district court's decision which is here reviewed. *Parratt* held that an allegation of negligent loss of property by prison officials does not state a claim under § 1983 where an adequate state remedy exists. The facts are not sufficiently developed in Wright's case to determine whether his claim is one of negligent loss of his property, and therefore is controlled by *Parratt*.

REVERSED AND REMANDED.