**Frank SLAVIN, Petitioner-Appellant,**

v.

**Tim CURRY, District Attorney, et al.,
Respondents-Appellees.**

**No. 82–1094
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 1, 1982.

Rehearing and Rehearing En Banc
Denied Dec. 1, 1982.

Frank Slavin, pro se.

John Wm. Payne, Dallas, Tex., for Evans.

Fred Schattman, Asst. Dist. Atty., Fort Worth, Tex., Ann C. Snell, Asst. Atty. Gen., Austin, Tex., for Curry, et al.

Roswald E. Shrull, Fort Worth, Tex., for Ernest Kohl.

Barry G. Johnson, Fort Worth, Tex., for Brantley Pringle.

Jerry L. Zunker, Austin, Tex., for Wessler and Holman and Shannon.

Henry E. Kerry, Fort Worth, Tex., Johnny Jones and Arlene Evans.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

JOHNSON, Circuit Judge:

Petitioner, Frank Slavin, appeals a judgment rendered in favor of the defendants in an action initiated by Slavin pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. In his pro se brief, Slavin raises three grounds for appeal. Initially, Slavin contends that the district court erred in denying his request for court-appointed counsel. Second, Slavin maintains that the district court erred in denying his motion for new trial based upon his post-trial polygraph test, and, third, Slavin argues that the jury's finding that his trial transcript had not been altered is not

448

supported by the evidence. This Court, concluding that the issues raised on appeal are without merit, affirms the judgment of the district court.

In 1976, Slavin filed a pro se complaint alleging that twenty persons had conspired and acted to deprive him of rights guaranteed by the United States Constitution, in violation of 42 U.S.C. §§ 1983, 1985, 1986. The defendants, which include Tim Curry, District Attorney, Tarrant County, Texas, and several members of his staff, filed a motion to dismiss raising several reasons, among them, failure to state a claim, immunity, and limitations. The district court granted dismissals or summary judgments as to all defendants without a hearing. On appeal, this Court vacated portions of the district court's final order and remanded the case for a hearing. *Slavin v. Curry,* 574 F.2d 1256 (5th Cir. 1978), ¶¶ 18 and 19 vacated, 583 F.2d 779 (5th Cir. 1979).

Upon remand, a six day jury trial was conducted in which 42 witnesses were subpoenaed at Slavin's request. In response to interrogatories, the jury concluded that none of the defendants had entered into an overall conspiracy to deprive Slavin of his constitutional rights, that Slavin's trial transcript was not altered, and that Slavin's suit was frivolous and brought in bad faith. The district court rendered judgment in favor of all defendants and awarded attorney's fees to the defendants in the amount of $47,157.15.

Initially, Slavin contends that the district court erred in denying his pre-trial request for court-appointed counsel pursuant to 28 U.S.C. § 1915(d). In *Hardwick v. Ault,* this Court held that "generally speaking no right to counsel exists in § 1983 cases." *Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). However, this Court has also recognized that the "no right" language in *Hardwick* is subject to limitation when exceptional circumstances exist. *Knighton v. Watkins,* 616 F.2d 795 (5th Cir. 1980); *Wright v. Dallas County Sheriff Depart-*

*ment,* 660 F.2d 623 (5th Cir. 1981). Although no comprehensive definition of exceptional circumstances is practical, *Branch v. Cole,* 686 F.2d 264 (5th Cir. 1962), this Court has indicated that exceptional circumstances may exist in exceedingly complex cases or in cases in which the plaintiff is unable to actively investigate and pursue the claim being asserted.[1] *See Knighton v. Watkins,* 616 F.2d 795 (5th Cir. 1980); *Wright v. Dallas County Sheriff Department,* 660 F.2d 623 (5th Cir. 1981); and *Shields v. Jackson,* 570 F.2d 284 (8th Cir. 1978).

Clearly, what may constitute exceptional circumstances depends upon the facts in each case. Consequently, the decision whether to appoint counsel properly lies within the sound discretion of the district court. In the present case, this Court is unable to conclude that the district court abused its discretion in refusing to appoint counsel. Unlike the § 1983 plaintiff's in *Wright* and *Knighton,* Slavin was free from incarceration for two full years prior to the trial in this case, and, therefore, was able to investigate and pursue his claim. Moreover, the portion of the record presented on appeal does not demonstrate that Slavin is indigent as required by 28 U.S.C. § 1915(d). In fact, in the instant case, this Court refused to allow Slavin to proceed *in forma pauperis* after the district court concluded that Slavin was able to pay for part of the costs of appeal. Hence, the district court did not err in refusing to appoint counsel for Slavin.

In his second issue before this Court, Slavin contends that the trial court erred in denying his motion for a new trial based upon his post-trial polygraph test. Slavin maintains that the district court should have granted the motion for new trial since his post-trial polygraph test indicated that certain defendants perjured themselves at trial. The district court denied the motion for new trial on the grounds that Slavin could have tested the credibility of the de-

1. As the Court noted in *Branch,* "The existence of such circumstances will turn on the quality of two basic factors—the type and complexity of the case, and the abilities of the individuals bringing it." *Branch v. Cole,* 686 F.2d 264 at 266.

fendants either by calling or cross-examining them at trial. This Court holds that the district court did not abuse its discretion in denying Slavin's motion for new trial.

This Court, in reviewing a trial Court's denial of a motion for new trial, must determine whether the trial court has abused its discretion. *Hanley v. Condrey,* 467 F.2d 697 (5th Cir. 1972). Moreover, in reviewing a motion for new trial based upon allegations that witnesses gave perjured testimony, this Court has held that it is significant that a movant had the opportunity to impeach the testimony of the witnesses and present the jury with evidence demonstrating the truth or falsity of the testimony given. *Reirsen v. Mississippi Shipping Co.,* 268 F.2d 613 (5th Cir. 1959). In the instant case, Slavin was afforded the opportunity to call and cross-examine the witnesses that he claims perjured themselves. Unhappy with the jury's evaluation of the credibility of the witnesses, Slavin presented the district court with a post-trial polygraph test taken upon his own initiative, which consisted of questions he formulated. It is noted that the polygraph examiner stated that "one must realize that this test, at Mr. Slavin's request is self-serving and void of interrogation conflict." In light of Slavin's opportunity to cross-examine the witnesses and the self-serving nature of the polygraph test, this Court is unable to conclude that the district court abused its discretion. "One of the oldest established rules of Anglo-American jurisprudence is that the jury is the arbiter of credibility of witnesses." *U. S. v. Cravero,* 530 F.2d 666, 670 (5th Cir. 1976); *Hoffa v. U. S.,* 385 U.S. 293, 87 S.Ct. 408, 418, 17 L.Ed.2d 374 (1966); *See also Maxey v. Freightliner Corp.,* 665 F.2d 1367, 1371 (5th Cir. 1982).

In Slavin's third issue, he argues that the jury's finding on the issue concerning the alteration of the trial transcript is unsupported by the evidence. This Court "may not substitute its findings for those of the jury unless the facts and inferences point so strongly and overwhelmingly in favor of one party that reasonable men could not arrive at a verdict to the con-

trary." *Fairley v. American Hoist and Derrick Co.,* 640 F.2d 679, 681 (1981). That is to say, if this Court determines that there is evidence of "such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions," it must not disrupt the jury's findings.

A review of the partial record brought forth on appeal demonstrates that the jury was presented with credible evidence supporting its conclusion that the trial transcript had not been altered. For example, Dr. Maddox testified that the transcript was an accurate account of his testimony and that he was aware of no alterations, additions, or deletions. Additionally, Deborah Walls, the court reporter, testified that she followed the instructions of the judge and the requirements imposed on her by law in preparing the transcript, that the transcript was accurate, and that no defendant attempted to alter the contents of the transcript. Hence, this Court rejects Slavin's invitation to disturb the jury's verdict.

Concluding that none of Slavin's grounds of appeal merit reversal of the district court's judgment, this Court affirms.

AFFIRMED.