798 F.2d 469
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Thomas JEFFERSON, Petitioner-Appellee,
v.
Michael DUTTON, Warden; William J. Michael Cody, Attorney
General and Reporter, Respondents-Appellants.
 No. 85-5335.
 United States Court of Appeals, Sixth Circuit.
 
 June 10,1986.
 Before KEITH, KENNEDY and KRUPANSKY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Respondents appeal from a judgment granting a writ of habeas corpus petition to petitioner James T. Jefferson. Petitioner, a black male, alleged a violation of the Equal Protection Clause of the Fourteenth Amendment because of the systematic exclusion of blacks from the Davidson County grand jury in Tennessee. After an evidentiary hearing, the district court granted petitioner his habeas corpus petition, holding that a systematic exclusion of blacks had occurred in the Davidson County grand jury between 1958 and 1968. For the following reasons, we reverse the district court decision granting the writ.
 
 I.
 
 2
 After an indictment for first degree murder, petitioner filed a plea of abatement in the Tennessee trial court alleging the systematic exclusion of blacks from Davison County grand and petit juries. Petitioner's first trial resulted in a hung jury. At his second trial, petitioner again alleged the systematic exclusion of blacks from the grand and petit juries. After the trial court overruled his objection without a hearing, petitioner was convicted and sentenced to ninety-nine years. The Tennessee Court of Criminal Appeals remanded the case to the trial court to conduct an evidentiary hearing on the systematic exclusion of blacks from grand and petit juries. The Tennessee Supreme Court affirmed the appeals court decision to remand. Upon remand, the Tennessee trial court limited petitioner's proof to the composition of the grand jury that actually indicted him and the petit jury that actually convicted him. The Tennessee trial court held that there had been no systematic exclusion of blacks from either petitioner's grand jury in 1968 or the petit jury in 1971. The Court of Criminal Appeals affirmed this decision in May 1977 and in October 1977 the Tennessee Supreme Court denied permission to appeal.
 
 
 3
 Petitioner brought the present action pro se in federal court in April 1982, and counsel was appointed in June 1982. An evidentiary hearing was held on September 28, 1984.[1] Documentary evidence demonstrated that all of the grand jury forepersons serving between 1958 and 1968 were white. Moreover, although Davidson County was approximately 20% black, less than 7% of the grand jury persons during the above ten-year period were black.[2] On March 30, 1985, the federal district court granted the habeas corpus writ and ordered the State of Tennessee to re-indict petitioner within ninety days or release him.[3]
 
 
 4
 The district court held that petitioner timely raised the issue of systematic exclusion of blacks on grand juries and had fully exhausted his claim in the state court.[4] The district court also held that petitioner "demonstrated that he did not receive a full, fair, and adequate hearing in state court as required in Section 2254(d)(6) and that he was otherwise denied due process of law in state court proceedings as required in "0 Section 2254 (d)(7)."[5] Furthermore, the district court held that an equal protection violation occurred in the context of the grand jury selection process because petitioner satisfied the prima facie case of racial discrimination and respondents failed to rebut that case.[6] Consequently, in March 1985, the district court granted the habeas writ and ordered the State of Tennessee to either re-indict petitioner within ninety days or release him.
 
 
 5
 On appeal, respondents claim the district court erred in holding that 1) the petitioner was denied equal protection of the law in the grand jury process[7] and 2) the grand jury foreperson issue was exhausted.
 
 II.
 
 6
 Respondents contend that the issue of grand jury foreperson should have been dismissed for failure to exhaust state remedies. We agree.
 
 
 7
 Generally, a petition under 28 U.S.C. Sec. 2254 that contains exhausted and unexhausted issues must be dismissed by this court. Rose v. Lundy, 455 U.S. 509 (1982). The exhaustion requirement's purpose is "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings". Id. at 518 (citation omitted). It is for state courts to determine whether a given issue may be raised in a second post-conviction proceeding. Paker v. Rose, 728 F.2d 392 (6th Cir. 1984). The state courts should have a "fair opportunity" to apply the law to the facts bearing on petitioner's constitutional claim. Sampson v. Love, 782 F.2d 53, 55 (6th Cir. 1986); see also Anderson v. Harless, 459 U.S. 4, 6 (1982) (holding that the substance of petitioner's federal habeas corpus claim must be presented to the state courts to meet the Sec. 2254 exhaustion requirement).
 
 
 8
 In the instant case, petitioner raised the issue of systematic exclusion of blacks as grand jury forepersons in Davidson County for the first time in the district court. We believe it has never been raised in state court. This is a separate issue from questions concerning grand juror selections since grand juror forepersons in Tennessee serve more than a ministerial function. See Rose v. Mitchell, 443 U.S. 545, 548 n.2 (1979); see also Hobby v. United States, 104 S. Ct. 3093, 3098 (1984). Since the substance of petitioner's grand jury foreperson claim was not presented to the state court, this petition contains both exhausted and unexhausted claims and therefore should be dismissed.
 
 
 9
 Petitioner cites Hale v. Henderson, 349 F.Supp. 567 (W.D. Tenn. 1972) aff'd on that issue, 485 F.2d 266 (6th Cir. 1973), cert. denied, 415 U.S. 930 (1974) for the proposition that the Supreme Court has traditionally considered any claim dealing with the grand jury to consist of that entity in toto. 87 We believe Hale is distinguishable. In Hale, the Ohio District Court held that:
 
 
 10
 The Supreme Court speaks of the grand jury as an entity, and where each of the voting parts of that entity is selected in a nondiscriminatory manner it cannot be said that equal protection of the law has been denied where one of the voting parts of that entity has been chosen by the court to act as foreman pro tempore. It should be noted that the duties of a foreman pro tempore are largely unrelated to the actual return of indictments. His principal duties relate to administrative functions. His sole power in the indictment rendering process is his power to vote, and when considering the petitioner's foreman in his voting capacity, he was selected in the same manner as the remaining members of the grand jury.
 
 
 11
 Id. at 569 (emphasis added).
 
 
 12
 In Tennessee, the grand juror foreperson had more than a ministerial or administrative function. The foreperson acts as chairman or presiding officer and is charged with the duty of assisting the district attorney in investigating crimes; may order the issuance of subpoenas for witnesses before the grand jury; may administer oaths to grand jury witnesses; must endorse every bill returned by the grand jury, and must present any indictment to the court in the presence of the grand jury. Moreover, the absence of the foreperson's endorsement makes an indictment defective. Rose v. Mitchell, 443 U.S. at 548 n.2. Thus, since the grand juror foreperson here served in more than an administrative capacity, the single entity theory outlined in Hale is inapplicable to the present case.
 
 
 13
 Accordingly, we reverse the district court decision granting the writ and remand this case to the district court with instructions to dismiss the petition without prejudice so that the unexhausted claim can be presented to state courts.
 
 
 
 [1]
 The district court did not examine the constitutionality of petitioner's petit jury argument. However, the court did analyze petitioner's grand jury argument
 
 
 [2]
 The grand jury which actually indicted petitioner was approximately 16% black on the days the indictment was considered and returned
 
 
 [3]
 0n April 30, 1985, the district court stayed the issuance of the writ pending disposition of the respondents' appeal
 
 
 [4]
 The respondents contend that petitioner's claim of racial discrimination in the selection process of the grand jury foreperson was not exhausted and therefore both exhausted and unexhausted claims must be dismissed under Rose v. Lund, 455 U.S. 509 (1982). However, the district court held that petitioner alleged a single claim of discrimination in the selection process of the grand jury, including the selection of the foreperson as the thirteenth member
 
 
 [5]
 The basis for this finding was that the state court limited petitioner's proof to the composition of the actual 1968 grand jury that indicted him. Thus, it was the district court's opinion that without evidence of other grand juries, it would be virtually impossible to prove systematic exclusion of blacks from grand juries
 
 
 [6]
 Although there were two blacks on petitioner's grand jury, it was the judgment of the district court that the effect of the entire process by which the pool of potential jurors was formed was biased toward the white community and thus excluded potential black grand jurors
 
 
 [7]
 Since petitioner failed to exhaust state remedies, we do not feel it is necessary at this time to discuss the merits of his claim
 
 
 [8]
 The district court stated "that petitioner is alleging a single claim of discrimination in the selection process of the grand jury, including the selection of the foreman as the thirteenth member of the grand jury. Although petitioner may have brought a separate Section 2254 claim for discrimination in selecting the foreman only .... he chose to state his claim as to the entire process" (citation omitted). However, since the claim should have been brought separately, it involves a different issue and should have been raised in the state court. See Anderson v. Harless, 459 U.S. 4, 6 (1982); see also Picard v. Connor, 404 U.S. 270, 276-277 (1971)